## BALLARD v. SALT LAKE & UTAH R. CORPORATION et al.

No. 6378.   Decided September 24, 1941.   (117 P. 2d 291.)

See 4 C. J. S., Appeal and Error, sec. 441; 3 Am. Jur., 170.

*Judd, Ray, Quinney & Nebeker,* of Salt Lake City, for appellants.

*Gaylen S. Young,* of Salt Lake City, for respondent.

PRATT, Justice.

This is a motion to dismiss the appeal on the grounds, among others, that the appeal was not taken within the time required by law.

The judgment roll shows the following events, after judgment: October 11, 1940, a notice of motion for new trial

was filed; October 18, 1940 (shown by minute entry), motion for new trial taken under advisement; November 16, 1940 (shown by minute entry), motion for new trial denied; April 14, 1941, notice of appeal served on respondent; and April 15, 1941, notice of appeal filed.

The judgment roll shows on its face that the appeal was not taken in time. Sec. 104-41-2, R. S. U. 1933, as amended by Laws 1939, c. 123, provides that the appeal must be taken within ninety days from the entry of the judgment or order from which the appeal is taken. In case a motion for new trial is filed the time to appeal from the judgment does not commence to run until the disposition of the motion for new trial. The motion for new trial in this case was denied, according to the judgment roll, November 16, 1940. More than the ninety days elapsed before the notice of appeal was filed. An appeal is taken by filing with the clerk and serving upon the adverse party or his counsel a notice of appeal. The service may be made before the filing, if desired. § 104-41-6, R. S. U. 1933.

There is no requirement that the prevailing party upon the motion for new trial give his adversary notice that the motion for new trial has been determined in order to start the time for appeal to run; nor will the giving of such a notice extend the time for appeal beyond the ninety days from the date of ruling upon the motion.

The question then arises: How does a party know that the motion for new trial has been determined, if it was taken under advisement and is decided in his absence? The The answer is that he is presumed to know the record of the case and if that record discloses a ruling upon the motion for new trial, he is presumed to know that fact regardless of his actual knowledge or lack of knowledge in the matter. Another question arises: What constitutes a disclosure in the record of a ruling upon the motion for a new trial that will give notice to the party

upon whose shoulders rests the burden of taking the appeal? It is the first official entry of that fact that becomes a part of the record on appeal. It is the minute entry of the ruling, if a written order denying the motion is not filed prior thereto, otherwise it is the filed written order.

Section 19-17-2, R. S. U. 1933, provides among other duties of the clerk of tthe District Court, that he shall keep a minute book in which shall be entered a "record" of the daily proceedings of the court. It also provides that he shall keep a register of action in which shall be entered a "memorandum" of the proceeding in each case. Sec. 104-30-14, R. S. U. 1933, provides that the judgment roll shall include among other things a copy of the order overruling the demurrer, orders deemed excepted to without a bill of excptions, and "the order overruling the motion for a new trial." It is not required that these orders be written and signed by the judge. They are evidenced by minute entries and certified copies of those entries are included by the clerk as a compliance with the requirements of Sec. 104-30-14, cited above. Memorandum entries taken from the register of actions are not included in the judgment roll. Thus the first "record" entry that becomes a part of the judgment roll and that pertains to the ruling upon the motion for a new trial is the minute entry unless a written order is made and filed in the case prior thereto. The minute entry is presumed to be correct as it is an entry required by the statute to be made by the clerk. Whether or not he gets the judge's approval of it before entry, or whether or not the judge signs it is beside the question. When entered in the minute book pursuant to statute it is official.

As the losing party upon the motion for new trial is not bound to know that the motion has been ruled upon until the fact is entered in the minute book (assuming no written order is filed prior to the entry in the minute book), the date of that entry becomes the date upon which time for appeal starts to run. This brings us to the point and the facts raised by appellant in this case to defeat respondent's motion to dismiss the appeal.

The last few pages of the bill of exceptions in this case contain statements to the effect that the minute entry bearing date of November 16, 1940, was as a matter of fact not entered until between the 15th and the 25th of December, 1940. These entries in the bill of exceptions appear after the reporter's certificate to the bill, and apparently are statements inserted by counsel which the court permitted as part of the bill of exceptions. No action upon the information therein contained was taken by the lower court, nor was any asked by counsel. Just why, if that information is correct, the court did not have the minute entry corrected to show the date of its entry and to show that November 16, 1940, was as a matter of fact the date upon which the court announced its decision, or that it was a nunc pro tunc date, is not explained. No complaint is made before us that the lower court failed to do this. Apparently the information is contained in the bill of exceptions in order to get us to reject November 16, 1940, as the minute entry date in spite of the fact that the clerk has certified that date as correct. However, we do not have to express an opinion upon the propriety of this method of proceeding as the proposed dates, December 5th and December 25th, are both more than ninety days before the filing of the notice of appeal.

The appeal is dismissed. Costs to respondent.

MOFFAT, C. J., LARSON, and McDONOUGH, JJ., concur.

WOLFE, Justice (concurring).

Section 104-41-2, as amended by Chapter 123, Laws of Utah, 1939, provides that an appeal may be taken within 90 days from the entry of the judgment or order appealed from. Owing to necessity, this court has held that when there is a motion for a new trial pending, the judgment is not final until the motion is denied. Hence, where there is

a motion for a new trial pending, the date of entry of the final judgment must be as of the date when the motion is denied. Here the appeal was from the judgment. The question then is: When can the event of the court's denying the motion for a new trial be said to have taken place for purposes of stopping further tolling of the time for the starting of the period within which an appeal must be taken or, more simply put, when has the event occurred which really starts the time for appeal running? The event cannot be an oral pronouncement of the court but must be the event of recordation. Regardless of what would be the situation if there was a signed and filed ruling by the judge (not here the case) in the case at bar the day when the actual ruling was made in the regular minute book of the court is the day which started the time running for appeal. The minute, in such case, need not be signed by the clerk or the judge. The record of minutes serves without signature as a notice of the action of the court and that no longer is the judgment not final. If it is claimed that the date on which the minute entry purports to have been made is not the real date on which it was entered, such claim should be first presented to the court whose minutes they are, and that matter settled in the record before it comes up. It is not necessary at this juncture to intimate what should be done in case the court refused to find on the claim of erroneous date of entry. We have no such case here.