## JOHNSON v. JOHNSON et al.

No. 6756. Decided October 16, 1944. (152 P. 2d, 426.)

See 27 C. J. S. Evidence, Sec. 191; [4] 3 Am. Jur. 269.

*O. E. Matthews* and *P. G. Ellis,* both of Salt Lake City, for appellant.

*E. L. Shoenhals,* of Salt Lake City, for respondent.

LARSON, Justice.

Appeal from a decree of divorce made by the District Court of Salt Lake County, awarding respondent a divorce, custody of the two minor children, and certain of the property belonging to the parties.

At the outset, respondent moves the court to dismiss the appeal for the reasons that it was not taken within six months from entry of judgment; notice of appeal was not served in time; no undertaking or affidavit was filed within the time required by law; and the bill of exceptions was not settled within the time prescribed.

As to the first two grounds relied on for dismissal, Sec. 104-41-2 U. C. A. 1943, provides six months time within which to appeal from divorce judgments. This time begins to run from denial of a motion for new trial. *Smith* v. *Barrett,* 81 Utah 522, 20 P. 2d 864; *Mickelson* v. *Anderson,* 81 Utah 444, 19 P. 2d 1033; *Dixie Stock-growers' Bank* v. *Washington County,* 81 Utah 429, 19 P. 2d 388; *Fuller* v. *Ferrin,* 51 Utah 105, 168 P. 1179; *Bowman* v. *Ogden City,* 33 Utah 196, 93 P. 561; *Ballard* v. *Salt Lake & Utah R. Corp.,* 101 Utah 42, 117 P. 2d 291. Since motion for a new trial was denied on June 9, 1944, and notice of appeal served on June 27, 1944, it was well within the time allowed. Sec. 104-41-6 U. C. A. 1943,

allows appellant five days after service of notice of appeal to file an appeal bond or affidavit in forma pauperis, and since the affidavit herein was filed the day after service of the notice of appeal, it also was well within the time allowed.

The last ground for dismissal must fail for two reasons, the first of which being that it is not a ground for dismissal of the appeal. This is too fundamental to require citation of authority, since an appeal may be taken on the judgment roll alone, without an attempt to bring a bill of exceptions from the lower court. Aside from that, the record reveals that the bill was settled in time. Respondent's attorney acknowledged receipt of the proposed bill on June 27, 1944, within the 30 day period from denial of motion for new trial allowed by Sec. 104-39-4 U. C. A. 1943. Since no amendments were proposed there is no specific time for having the bill settled. *Parker* v. *Bamberger,* 100 Utah 361, 116 P. 2d 425. The bill was settled on July 12, 1944, fifteen days after service of the proposed bill. This was in a reasonable time.

We now go to the merits of the appeal. Appellant's first assignment is that the complaint does not state facts sufficient to constitute a cause of action. In substance, the complaint alleges mental cruelty in that appellant beat one of the children over the head with his fist; abused respondent and called her vile and abusive names in the presence of the children; accused her of being unfaithful in the presence of the children, all of which caused her mental pain and suffering. We shall review the Utah cases dealing with this subject. In *Holm* v. *Holm,* 44 Utah 242, 139 P. 937, the fact that the wife appeared to prefer a boarder in the house to her husband, refused the husband's company, accepted gifts from the boarder, and took the boarder's side in quarrels about the situation, was held to constitute grounds for divorce for the husband. In *Doe* v. *Doe,* 48 Utah 200, 158 P. 781, accusations made to third parties by the wife that the husband was unfaithful; that he failed to provide for her;

her employment of detectives to watch him, and seeking his arrest on criminal charges were held sufficient ground for husband's divorce. In *Hyrup* v. *Hyrup,* 66 Utah 580, 245 P. 335, the complaint is very similar to the case at bar, alleging that defendant called plaintiff vile and insulting names and addressed to him indecent and humilating remarks. The judgment of divorce was reversed on appeal because the proof did not support the allegations and findings made—it was shown merely that the parties had two quarrels over a period of several years. Nothing was said by this court about the sufficiency of the above allegations. In *Schuster* v. *Schuster,* 88 Utah 257, 53 P. 2d 428, defendant's condonance of assaults by his son upon plaintiff was held grounds for wife's divorce. In *Cordner* v. *Cordner,* 91 Utah 466, 61 P. 2d 601, the complaint alleged a course of conduct with great particularity. We held that the unpleasantness there set out was of so trivial a nature as not to constitute grounds for divorce, and that parties to a marriage must expect and condone a certain amount of bickering in their relationship. It is there recognized that the wife will be granted a divorce upon less evidence of cruelty than will the husband, and that each case must depend upon its own facts and circumstances, citing *Doe* v. *Doe* and *Hyrup* v. *Hyrup,* supra.

Under the authorities, we believe the allegations of the complaint sufficient to state a cause of action, particularly so when the acts were done in the presence of the two minor children, both of whom were old enough to understand what was being said and done. Under the same authorities, the findings of the court are insufficient to support the judgment. Finding No. 8, the only one on the subject of cruelty, is:

"That the defendant, Gilbert Johnson, has treated plaintiff in a cruel manner in that he has been abusive, called her vile names, and because of his condition, has made and caused the plaintiff to be upset and has caused her great mental distress, anguish and great mental suffering."

The "condition" referred to above is defendant's physical condition, diabetes, and liver trouble, and the fact that such condition caused respondent distress is clearly no ground for divorce. A more specific finding, somewhat along the lines of the allegation of the complaint, should have been made by the court. All of the evidence is before us, and in divorce cases, we may make findings if none are entered by the District Court. *Holm* v. *Holm*, supra; *Doe* v. *Doe*, supra. From this evidence we find that appellant has in the past abused the respondent and called her vile and abusive names and accused her of infidelity, all in the presence of the two minor children of the parties, and that on or about August 15, 1943, without provocation, appellant did beat the child Vernon Lyn on the head with his fist in the presence of respondent.

Appellant's last assignment of error assails the property settlement decreed by the court. The evidence shows that the parties have two minor children, Vernon Lyn, age 11, and Marlen Ruth, age 8. Neither of the children is in good health, and the boy particularly is in poor physical condition. Appellant suffers from incurable diabetes and liver infection, and will probably never be able to support himself or his family. Respondent can at times be gainfully employed as a furrier, and she has a fur repairing machine. However, she suffers from hay fever, whether she is allergic to the furs does not appear, so that she is able to work only a part of the time. The parties have been on the relief rolls for most of their married life. Present relief payments of $70 per month are being received by the respondent. The parties own the dwelling house where they are living, subject to a mortgage, and it appears that respondent made at least part of the payments thereon with her own money. Appellant has a one-fifth interest in a dry farm near Fairview, Utah, held in conjunction with his sisters. In addition, appellant has an insurance policy with defendant company, upon which $1000 became payable on February 28, 1944. Before suit was filed $10 per month disability payments were

being made, and since that time, those payments have been impounded pending the outcome of this litigation. These are the total assets of the parties, and the court awarded their equity in the dwelling house, with the furniture and furnishings, and one half of the proceeds of the insurance policy to respondent. The appellant was awarded his interest in the Fairview property, and the other half of the insurance proceeds. There was no award of alimony for respondent or support money for the children. Under the circumstances, we see nothing unjust about the property division. Since respondent is awarded the custody of the minor children, she must provide a home for them out of the small relief allotment which she receives. Payments on their present home are small, and can be met by her, while rental conditions might make it impossible for her to secure other housing. With so small an income from the relief benefits to provide for two small children, it was not improper for the court to award respondent half of the insurance money. Appellant complains that thereby the court deprived him of money enough to have kept him for some time. This may be true, but in the circumstances, he cannot contribute to the support of his children by monthly contributions, so it was proper for the court to divide the insurance money equally, and thus give respondent some measure of security for herself and the children.

The cause is remanded to the District Court of Salt Lake County with directions to enter findings of fact and conclusion of law in harmony herewith and judgment thereon. Costs to respondent.

McDONOUGH, WADE, and TURNER, JJ., concur.

WOLFE, Chief Justice (concurring).

I concur, but I think we could as well have held that finding No. 8 was sufficient. In divorce cases where there is evidence to support the judgment a finding of cruelty made in general terms should be sufficient. I see no reason for particularizing the cruelty beyond the minimum

amount necessary to show cruelty. Divorce cases involve close and intimate relationship. The conduct of the parties during this relationship need not be registered in the findings for the curious eye beyond the bare necessity of supporting the judgment. When sufficient acts of cruelty are alleged and supported by evidence, the finding that such cruelty consisted of abusive treatment and the calling of vile names should be sufficient even though it does not cover all the cruelty or cover any of it in detail and even though other findings include matter not necessarily constituting cruelty. I think the overall picture given by the evidence sustains the judgment of the court. One or two quarrels, even though somewhat violent, may not be a cause for divorce; and yet, if they demonstrate pent-up spleen to continually pervade the relationship, and which, even when restrained, may potentially affect the parties, they may furnish some evidence of continuing tension. As says the opinion, each case depends on its own circumstances. While the marital relationship, especially where there are children, must stand the ordinary strains and stresses which enter when two persons, usually of different conditioning, temperament and habits, live together in such close and intimate relationship, there is little use in keeping two people miserable and raising children in an inharmonious atmosphere if it is apparent that love has flown out of the window, that the necessary adjustments cannot be made, and that severance of the marital ties will improve the situation. While certain conduct or events occurring in married life may definitely show which way the wind blows, I think it unwise to emphasize one feature. A wise trial judge with an understanding of human nature and a sympathy toward the plight of the parties will sense from the evidence whether the relationship is worth trying to salvage or whether it were better to permit each to go his own way and what the effect would be mentally and physically on the parties if the relationship continued. That is why contrast or comparison of this with seemingly similar cases may not be worth much. In divorce cases

especially, seeing the parties in court, noting how they react to each other, inadequate as is such opportunity when compared to what might be ascertained by an observer of the whole drama of the marriage, is still immeasurably superior to our merely viewing the cold record. That is why I have been quite insistent that we do not substitute our judgment for that of the trial judge unless it is manifest that he has wrongly concluded. In this case I do not place my concurrence on the fact that the vile language and charges of unfaithfulness ensued in the presence of the children—although that is one factor—but because I think the trial judge had a better overall picture of the whole situation and we should not disturb his findings. I so thought in *Cordner* v. *Cordner*, 91 Utah 466, 61 P. 2d 601.