## WOOLLEY v. WOOLLEY.

No. 7093.   Decided June 30, 1948.   (195 P. 2d 743.)

See 27 C. J. S., Divorce, sec. 289. Earning capacity of prospective earnings of husband as basis of alimony, see note, 139 A. L. R. 207. See, also, 17 Am. Jur. 468.

*Edward M. Morrissey,* of Salt Lake City, for appellant.

*McKay, Burton & White,* of Salt Lake City, for respondent.

LATIMER, Justice.

The parties will be referred to as they appear in the court below.

Plaintiff commenced this action for divorce on grounds of mental cruelty. Defendant answered and counterclaimed for divorce on similar grounds. The findings of fact and conclusions of law made by the trial court were in favor of defendant and against the plaintiff, and defendant was awarded an interlocutory decree of divorce. The decree denied plaintiff permanent alimony, but made certain monetary awards in lieu of and in complete settlement of all alimony and property claims.

Plaintiff appeals to this court and contends the trial court erred in the following particulars: (1) in failing to award a decree of divorce to the plaintiff; (2) in awarding a divorce to the defendant when there was insufficient evidence to support the findings of fact and conclusions of law as made by the trial judge; (3) in failing to award plaintiff permanent alimony; (4) in unjustly and inequitably dividing the property of plaintiff and defendant.

It is not necessary for us to recite the facts upon which the trial court based its decree that defendant was entitled to an interlocutory decree of divorce. Suffice to say the record preponderates in favor of the findings that plaintiff had treated defendant in a cruel and inhuman manner. While a wife is ordinarily granted a divorce for mental cruelty on less provocation than a husband, there may be facts and circumstances appearing to the trial court to present a stronger case for the husband. See *Doe* v. *Doe,* 48 Utah 200, 158 P. 781; *Hyrup* v. *Hyrup,* 66 Utah 580, 245 P. 335; *Cordner* v. *Cordner,* 91 Utah 466, 61 P. 2d 601; *Schuster* v. *Schuster,* 88 Utah 257, 53 P. 2d 428; *Johnson* v. *Johnson,* 107 Utah 147, 152 P. 2d 426; *Lundgreen* v. *Lundgreen,* 112 Utah 31, 184 P. 2d 670. This appears to be one of those cases which presents a stronger case for the husband, and on the record shown, we are persuaded the evidence justified the trial court in granting the decree of divorce to defendant. We, therefore, overrule the first and second assignments of error.

The third and fourth assignments of error present the real controversy between the parties, and being closely related, we shall treat them together.

The record indicates that defendant met plaintiff in New Zealand. Two years after defendant's return to Utah, plaintiff followed and they were married in June, 1912. There were two children born as a result of the marriage and both are now living; a daughter, age thirty-one, and a son, age twenty-five. During the early years of the marriage, the parties apparently worked harmoniously toward financial security, and while neither had property or wealth when they married, they, over the years, succeeded in accumulating a substantial estate. Apparently the parties lived together in a spirit of tranquility until about the year 1930. At this time, a home was built in the Cottonwood area, and shortly thereafter family difficulties began to develop. By this time, defendant had succeeded in his mining profession and in July 1945 was earning $700 per month. At the time of the trial, the defendant was not gainfully employed and the family assets consisted of the following properties: The home in Cottonwood valued at from $35,000 to $40,000; war saving bonds of $10,000; several paid-up insurance policies on the life of defendant; a $10,000 retirement annuity from which defendant will receive $100 per month; certain unimproved realty of the value of $600; certain speculative interests in mining ventures from which there is a possibility of subsequently paying defendant a substantial salary and capital gain on his investment; and a contract with the Anaconda Sales Company for the release of defendant's interest in certain mining property. While the evidence with respect to the amount remaining unpaid on the contract at the time of trial is not certain, there is sufficient evidence to sustain the trial court's finding that the sum of $41,600 remains to be paid defendant over a period of eight years.

At the time of trial both parties were fifty-eight years of age. Plaintiff was in good health, but defendant's physical condition was impaired. Defendant has possibilities of

earning money in the mining profession, while the plaintiff is not trained or schooled in any business or profession, and apparently her only means of income is what she might realize from the raising and selling of flowers grown on the Cottonwood property.

The court in its decree provided for the distribution of the property on the following basis: There was a cash offer of $30,000 made for the Cottonwood property and the trial court ordered this sold. From the proceeds received, the plaintiff was to receive $8,000 more than the defendant. Plaintiff was decreed war saving bonds of the face value of $10,000, and the defendant was awarded the balance of the property. Assuming the Cottonwood property was to sell for $30,000, then the distribution as ordered by the court is as follows: Plaintiff is to receive $19,000 from the sale of the home and $10,000 from the war bonds, or a total of $29,000. Defendant will receive $11,000 from the home, $41,600 from the contract with the Anaconda Sales Company, all paid-up insurance policies, the $10,000 retirement annuity from which he will receive $100 per month for life upon reaching the age of sixty-five, and all other property including all the mining interests owned by him. Without considering the contingent interests in the mining property, defendant receives approximately $53,000 in cash and $10,-000 in the annuity contract. If we convert the annuity into a lump sum based on defendant's expectancy and the monthly payment rate, we find that this is worth approximately $13,000.

In determining generally what a wife is entitled to when a divorce decree has been granted to the husband, we have considered one-third as being a fair proportion. This is a relative amount which must, of necessity, vary with the facts of the particular case. While recognizing ∎ that the award in each case is influenced by the facts presented, we have set out some general factors as guides in arriving at an equitable result. It is not necessary that they be repeated here as they have been referred to in a number of previously decided cases. See *Pinion* v. *Pinion*,

92 Utah 255, 67 P. 2d 265. The factors set forth are primarily for the purpose of guiding the trial court in arriving at its decision and are not intended to be all inclusive or invariable. However, they adequately encompass the controlling elements in this case.

Our duty in regard to sustaining the trial court's division of property is set forth in the case of *Allen* v. *Allen*, 109 Utah 99, 165 P. 2d 872, 875, wherein we said:

> "We believe that the great weight of authority supports the rule that a decree of the trial court in divorce proceedings, relative to alimony and division of property, will not be modified except when the trial court has abused its discretion. Otherwise, the appellate court by its own action would alter the purpose for which it was created. An appellate court cannot remain a court of appeals and invite a review of every case decided by a lower tribunal where its judgment fails to satisfy one or both parties to the litigation."

The award made by the trial judge in this action approximates the one-third standard previously mentioned, but we are persuaded that the award as made is unfair and unjust in one particular. The inequity goes to the contingent interests and not to the disposition of the presently owned property. In this case, the parties have lived together for more than thirty years. From a humble beginning, a substantial estate has been acquired, and for the most part, the source has been the mining ventures of the defendant. During the thirty years the parties have lived together, the joint efforts of both have contributed toward the accumulation of the present estate. Part of the funds jointly accumulated have been reinvested in speculative interests which may at some later date greatly increase the worth of the defendant. If the money invested in the mining ventures has been earned by the efforts of the defendant in his profession, the efforts of the wife and mother in taking care of the home and children have assisted defendant in its accumulation. Accordingly, she should not be denied her share of any increase in value that may result in the future.

The effect of the decree as granted by the court below appears to have been to award the plaintiff a cash settlement in lieu of all alimony. It is doubtful that the court intended to retain jurisdiction of the matter for further proceedings in the event defendant realized on his mining investments. This should be done. In order to protect plaintiff in the future by retaining jurisdiction for the purpose of permitting her to benefit from any increase in the value of the speculative interests owned by defendant, the following modification to the decree will be made: The specific awards as ordered by the court will be permitted to stand except that the sums paid shall not be in lieu of all alimony. The lower court is to retain jurisdiction to make a further award in the event a subsequent change is made in the financial standing of the defendant.

The decree as modified is affirmed and the case remanded to the lower court. Each party to bear his or her own costs.

McDONOUGH, C. J., and PRATT, WADE, and WOLFE, JJ., concur.