## RACKHAM v. RACKHAM

No. 7453.   Decided April 27, 1951.   (230 P. 2d  566)

See 27 C. J. S., Divorce, Sec. 295. Adultery as condonable offense. 17 Am. Jur. Divorce and Separation, Sec. 201; 109 A. L. R. 683.

*Grant Macfarlane,* Salt Lake City, for appellant.

*Arthur Woolley*, Ogden, for respondent.

McDONOUGH, Justice.

Plaintiff sued her husband for divorce, and he counterclaimed for divorce and for a division of the property acquired during the marriage. The trial court entered a decree of divorce in favor of defendant, and provided for equal division of the property. On this appeal, plaintiff seeks reversal on two principal grounds: (1) That in the light of the evidence plaintiff was entitled to the divorce, and that there was not sufficient evidence to support the findings and judgment in favor of defendant. (2) That the court made an inequitable division of the property, and erroneously based an award on an oral stipulation to which plaintiff did not assent.

The parties were married in Ogden on May 20, 1919. Eight children were born to them. Several periods of separation occurred, one in 1930, another in 1943 when a divorce action was filed but not prosecuted to judgment, still another in 1946, and finally in 1947, when this action was instituted. The parties solved the financial difficulties which first beset their married life by working together, first in remodeling a modest home. Plaintiff demonstrated her business judgment in purchasing marginal properties during depression years, and having them remodeled into apartments and other income producing units. By the time of the trial in this case, the parties had accumulated assets in excess of $72,000.

Contrary to the contention of the appellant, plaintiff below, the record in this case does not impel findings in favor of the plaintiff on her complaint for divorce. While plaintiff depicted defendant's conduct during the latter years of their married life as that of a man ▮ almost constantly drunk and frequently brutal, her testimony lacked corroboration, and it was contradicted

in essential particulars by witnesses whom the trial court was entitled to believe. Evidence adduced on behalf of the defendant, including the testimony of a son of the parties, indicated that the accounts related by the plaintiff as to intoxication were grossly exaggerated and that the incidents of cruelty of which she complained were likely imaginary. A few examples will suffice to illustrate why the trial judge was not bound to give full credence to her testimony.

Plaintiff testified that while the parties were visiting in Idaho several years previously, during an altercation with another woman, the defendant twisted her arm and broke it, in the course of compelling her to leave the scene. No one else in the family heard of her arm being broken on such occasion. Defendant denied that he twisted her arm and testified that no such claim was made until some years afterward; that about a month after the Idaho incident involving the altercation with another woman, plaintiff accidentally fell and broke her arm. She herself admitted that her arm was broken on the occasion testified to by the defendant. Plaintiff testified that while the parties were riding in a truck on one occasion, the defendant struck her on the side of the head and broke her nose. She had no medical attention for this alleged injury. Defendant, who was driving, testified that during the course of a quarrel with him, plaintiff attempted to strike him, and that he raised his arm to ward off the blow and the plaintiff's nose was struck causing it to bleed.

The plaintiff further testified that during an argument at a beer tavern the defendant tore off her dress after permitting another woman to insult her by calling her vile names. She stated that another woman was giving undue attention to the defendant and plaintiff told her to leave him alone, whereupon defendant in a rage tore off her dress. None of the other witnesses present on the occasion in question corroborated plaintiff's testimony. Some

did not hear any argument at all. None saw the dress torn off and some witnesses testified that defendant, in attempting to pull plaintiff from the scene of the dispute, caused a small tear in plaintiff's dress.

There was some testimony in addition to the evidence of the plaintiff as to defendant's use of intoxicating liquor; but it falls short of corroborating plaintiff to the effect that defendant was intoxicated most of the time. The evidence that he successfully managed a business and during his spare time aided in the repair and remodeling of the buildings owned by the parties, warranted the trial judge in concluding that she exaggerated the drinking episodes. Furthermore, she went to beer taverns with defendant and also with other men. A number of her complaints of brutality on the part of defendant related to times when he was allegedly intoxicated. She testified that she had to call the police on several occasions and that on one occasion defendant was so belligerent that an officer struck him. The police officers called to testify, denied that anyone struck defendant. They further testified that the defendant had called them on several occasions to evict some of the men who, with plaintiff, were allegedly disturbing the peace. Plaintiff also testified that defendant furnished very little for the support of the family and that she had to provide means of support. However, she admitted on cross-examination that defendant had turned over to her his salary checks and that she had cashed them. The checks are in evidence. There is abundant evidence in the record to the effect that plaintiff was away from home for considerable periods of time, during which time she neglected her children and defendant had to cook their meals and do housework in addition to his regular work.

It would unduly prolong this opinion to further detail the evidence of plaintiff relative to defendant's conduct and the contradiction thereof by other witnesses. Suffice it to say that if the testimony of these other witnesses was

believed by the trial court, that court was fully warranted in denying her a decree.

The further contention of plaintiff that the findings of the trial court upon which a divorce decree in favor of defendant was entered, lacks support in the record, must likewise be rejected. There is ample evidence in the record to support a finding of misconduct on the part of the plaintiff with at least three other men. It would serve no useful purpose to set out this testimony in detail. However, it is necessary to recite certain facts in order to confront the contentions of plaintiff.

In 1943, defendant found plaintiff in a compromising situation with another man. There is also evidence that she lived in a hotel with a second man for a period of time. Shortly after the 1943 incident, she commenced a divorce action, but she confessed these affairs at the time a reconciliation was effected. Counsel for plaintiff argues that by reconciliation and resumption of the marriage relations between these parties, there was an absolute condonation, so that the evidence could not be used at the trial of this case. There is an implied condition in such condonation that the misconduct which is condoned will not be repeated. 17 Am. Jur., Divorce and Separation, § 197, p. 249. Furthermore, defendant testified that the reconciliation resulted from her assurance to him that she had discontinued her affairs with other men and that she would refrain thereafter from such conduct. The record indicates that she disregarded her pledge. Hence, the evidence of prior infidelity was competent in this action on defendant's counterclaim for divorce. 17 Am. Jur., Divorce and Separation, § 213, p. 258.

But it is further contended that the record shows no improper relations between plaintiff and other men after the reconciliation in 1943 until after commencement of this action, and that the evidence of what happened

after this suit for divorce was filed was immaterial and irrelevant as far as the issues of this case are concerned. By answer and counterclaim filed one month after commencement of the action, defendant alleged that the plaintiff was then consorting with a named man in Salt Lake City. By reply plaintiff denied such allegation, whereupon defendant employed a detective who checked on the movements of plaintiff and the man in question. His testimony indicated a meretricious relationship between plaintiff and a paramour. Furthermore, the testimony of the other witnesses including defendant indicates that the relationship of the two prior to the filing of plaintiff's complaint was more than platonic. We are satisfied that no error was committed by the trial court in finding that the allegations of defendant's counterclaim were true and in entering a decree of divorce in his favor.

The final contention of the plaintiff has reference to the property division decreed by the trial court. The contention is two-fold: In the first place, she contends that the property settlement was based upon an oral stipulation entered into by counsel in open court which was not reduced to writing and to which she did not assent; and secondly, she contends that the property settlement decreed is inequitable.

At the conclusion of the introduction of evidence relative to grounds for divorce, a recess was taken to enable the parties to consult with their counsel relative to a property settlement. After several hours of consultation and conferences between the parties, their attorneys and their children, the attorneys appeared in court, and, the plaintiff being present, her counsel stated that the parties had agreed upon an equal division of their property in case a divorce were decreed by the court. Counsel further stated that before a decree were entered specifying what property each of the parties should be awarded, it would be

necessary to have an appraisal of certain properties. Whereupon the court announced that it would approve such property settlement. The matter of granting a divorce was taken under advisement and the case was continued for the purpose of arriving at an agreement relative to the division of the property in kind. When the parties next appeared in court some two months later, the plaintiff indicated that she was not satisfied with the proposed property division and she refused to sign a written stipulation. Her attorney announced to the court that he felt bound by the stipulation theretofore entered into orally in open court. After some discussion, the matter was finally submitted and the court by decree made an equal division of the property, of which complaint is here made by appellant.

While we agree with counsel for plaintiff (who, it should be noted, is not the counsel who represented her at the trial of the action), that an attorney has no authority to enter into a stipulation relative to substantial rights of his client without his client's consent, we find that the record reveals no such situation. The plaintiff was in court when the oral stipulation for an equal division of the property was entered into, and she made no objecttion, and she evidently then acquiesced in such action by her counsel. The fact that she subsequently raised objection to the distribution proposed could not relieve her of her prior stipulation that an equal division was acceptable. Furthermore, if she was bound by her stipulation for an equal division of property, we find nothing in the record which indicates that the final decree, as entered, did not in fact give her at least her full one-half share. Consequently, her contention that the court entered a decree on a stipulation made by her attorney without her consent is without merit.

As to her second contention, the record supports the action of the trial court in equally dividing the property between the parties to the action. The property so divided by

the court was the joint property of both parties. Relative to the claimed inequity of the property division, her acquiescence in the oral stipulation made in open court would itself negative the contention that it was inequitable. However, the court based its decree as to division of the property not alone upon the stipulation but upon his finding that such a division was just and reasonable. Sec. 40—3—5, U. C. A. 1943, provides:

"When a decree of divorce is made the court may make such orders in relation to the children, property and parties, and the maintenance of the parties and children as may be equitable."

We are committed to the rule that in a divorce action a decree relative to a division of property will not be modified on appeal except when the trial court has abused its discretion, and that the proper exercise of judicial discretion depends upon the circumstances in each case. *Allen* v. *Allen*, 109 Utah 99, 165 P. 2d 872. In *Woolley* v. *Woolley*, 113 Utah 391, 195 P. 2d 743, we held that ordinarily an award to a wife of one-third of the property accumulated during the marriage may be sustained, but circumstances may require a division of the property on a different basis, such as the ill-health or unemployment of the wife. In this case, plaintiff was shown to have unusual skill in business transactions. Her contention that defendant did not assist her materially in remodeling and repairing the properties and that the accumulation of most of their jointly owned assets was due to her sole effort, was sufficiently refuted by the testimony of disinterested witnesses. Her contention, therefore, that the trial court abused its discretion in dividing the property, as was done in this case, is without merit.

The judgment of the district court is affirmed. Costs to respondent.

WOLFE, C. J., and A. WADE, LATIMER, and CROCKETT, JJ., concur.