# HENDRICKS v. HENDRICKS

No. 7893.   Decided May 15, 1953.   (256 P. 2d 366.)

See 27 C. J. S., Divorce, sec. 67. Comparative rectitude doctrine in divorce cases. 17 Am. Jur., Divorce and Separation, sec. 235; 159 A. L. R. 734.

*L. E. Nelson,* Logan, for appellant.

*Harvey A. Sjostrom,* Logan, *LeRoy B. Young,* Ogden, *Young, Thatcher & Glasmann,* Ogden, for respondent.

WADE, Justice.

Plaintiff sued and defendant conterclaimed for divorce.

From a judgment dismissing the action plaintiff appeals.

The trial court found that each party was guilty of cruel treatment of the other and refused to grant a divorce to either. The factual background of this case reveals circumstances which often lead to domestic distress and end in the divorce court. When this marriage was contracted the parties had each reared his family, were well advanced in years and because of conflicting attachments and interests found themselves in disagreement in far more areas than those in which they were in accord.

The court, counsel and the parties all seem to agree that this marriage is hopelessly on the rocks; that the marriage relationship has become so intolerable that both would be happier, if they were free to go their separate ways. Furthermore, there are pressing property rights which should be settled by a court of equity, which further increases the distress and unhappiness of all concerned. It is from the refusal of the trial court to offer some solution to this predicament that relief is sought.

The principle that a divorce will ordinarily not be granted where both parties are at fault is of ancient origin and has long persisted, although in modern times it is probably true that it has been more honored in the breach than in the observance. There are undoubtedly some circumstances, such as mutual conviction of a felony, adultery or other serious offenses which may justify a court of equity in refusing to grant either party relief.[1] Whether this be regarded as recrimination or an application of the basic precept that one who seeks redress for violation of a contract resting upon mutual covenants must have performed his own, or merely of the "clean hands" doctrine of equity is of no importance here.

[1]See 27 C. J. S. Divorce: Recrimination, Sec. 67; 17 Am. Jur. Div. Sec. 233 et seq.; *Studley* v. *Studley*, 129 Neb. 784, 263 N. W. 139.

To affirm that a guilty spouse is never entitled to a divorce is a position difficult to apply to the facts of life. It is seldom, perhaps never, that any wholly innocent party seeks a divorce against one who is wholly guilty. Awareness of this fact and the giving of attention to the social implications of divorce has given rise to the various exceptions and limitations on the doctrine of recrimination.[2] A realistic approach to it is indicated by the court in the case of *Dearth* v. *Dearth*[3] wherein it concluded that where mutual delinquencies of husband and wife made further living together intolerable, a divorce should be granted and the court was not called upon to balance such delinquencies but only to determine which party was least at fault in causing the bad situation. This is based upon the doctrine of "comparative rectitude" which is often used[4] and has been given tacit recognition by this court.[5] Although some statutes specify that a divorce may be granted to "the party not in fault" our statute wisely contains no such provision.[6] Our policy has been to take consideration of the practical exigencies of such situations, and in cases such as the instant one, where both are at fault, approve the granting of a divorce to the one least to blame.

From anything that appears in the instant case, no good purpose, either social, moral, ethical or legal could be served by refusing to grant a divorce and settle the property rights of the parties. It would be but a mockery of the true concept of matrimony to thus purport to compel these two people, clearly ill-suited and maladjusted to each other to continue to retain the legal relationship of husband and wife.

[2] See Texts f. Note 1.
[3] 141 Pa. Super. 344, 15 A. 2d 37.
[4] See 27 C. J. S., Divorce, § 67, p. 624; 17 Am. Jur. 269.
[5] *Alldredge* v. *Alldredge*, 119 Utah 504, 229 P. 2d 681; *Pinion* v. *Pinion*, 92 Utah 255, 67 P. 2d 265.
[6] Section 30-3-1, U. C. A. 1953. See *Schuster* v. *Schuster*, 88 Utah 257, 53 P. 2d 428; *Rackham* v. *Rackham*, 119 Utah 593, 230 P. 2d 566.

In view of the fact that neither spouse is accused of the commission of a felony, adultery or any other heinous offense but the reciprocal claims rest upon various acts and omissions alleged to constitute cruelty to the other, the trial court would best perform its function in the administration of justice by determining which party was least at fault, granting a divorce and adjusting their rights, giving due consideration to the applicable factors outlined in our recent opinion of *MacDonald* v. *MacDonald*.[7]

The cause is remanded with directions to proceed in accordance with this opinion. Each party to bear his own costs.

WOLFE, C. J., and McDONOUGH, CROCKETT and HENRIOD, JJ., concur.

---

[7] 120 Utah 573, 236 P. 2d 1066.