In the Matter of John Matthew
LACIVITA, Bankrupt.

Appeal of Martin SIMON.

No. 12510.

United States Court of Appeals
Third Circuit.

Argued April 24, 1958.

Decided May 21, 1958.

Rehearing Denied June 10, 1958.

Philip Dorfman, Philadelphia, Pa. (Henry Miller, Camden, N. J., Dorfman & Pechner, Philadelphia, Pa., on the brief), for appellant.

Albert B. Melnik, Camden, N. J., for appellee.

Before MARIS, KALODNER and HASTIE, Circuit Judges.

MARIS, Circuit Judge.

Martin Simon, the successful bidder at a bankruptcy sale, appeals from an order of the district court confirming an order of the referee denying his application to revoke the prior confirmation of the sale to him of certain property of the bankrupt and denying him a return of his deposits on the sale. It appears that Simon on June 26, 1957 offered by letter to purchase from the trustee of the bankrupt a partly built motel at Millville, New Jersey, for $20,000 subject to an existing mortgage of $52,000 and to certain conditions set out in his letter. Accompanying the letter was a deposit of $2,000. The referee directed a public sale to be held on July 23, 1957 at which time the property would be offered to Simon or anyone who bid a higher sum on the same terms. At the sale Simon was the only bidder and the property was sold to him on his bid of $20,000. The sale was confirmed by the referee on July 24, 1957 and Simon paid to the trustee at his request an additional deposit of $2,000.

At the sale, which was held before the referee, counsel for Simon stated to the court that the conditions set forth in his offering letter of June 26, 1957 had been met. It was agreed at the bar of this court that Simon was present in court when his counsel made this statement. The property was then publicly sold to Simon and the sale was confirmed. On September 3, 1957 Simon petitioned the referee to revoke the order confirming the sale and to return his deposits of $4,000. Simon alleged in the petition that he had been informed on August 7, 1957 that the interest rate on the mortgage, the securing of which was one of the conditions of his offer, would be increased from 5½% to 6% and that the mortgagee would require the personal obligations of himself and two other individuals to accompany the mortgage, all contrary to the conditions of his original offer. He further alleged that he had been unable to obtain a commitment for a first mortgage upon the terms set forth in his original offer.

The referee denied the petition, stating in his certificate of review:

"After hearing argument of counsel and considering the proceedings and statements made at the sale, I held that the bid of $20,000 by Martin Simon, made at the time of the sale on July 23, 1957, was a firm bid, and that the purchaser did not have the right to the return of his deposit. It was my determination that having been the one who imposed the terms as part of his bid and having represented to me at the sale that all the terms had been met whereby he bid the sum of $20,000 for the property, that he was bound thereby. I held that it would not be equitable to other creditors to permit voiding of the sale and return of the deposit because it was the purchaser's conduct in not completing the sale which now subjects the Trustee to pay interest on the mortgage from August 7, 1957, and taxes and depreciation, and the other items out of the asset that would

have been the liability of the purchaser if he had made settlement by August 6, as he should have done."

■■ The district court agreed with the views thus expressed by the referee and so do we. They need no amplification. It is enough to say that Simon's argument that his counsel was not authorized to waive the conditions in question is completely without merit when it is recalled that he was present in court when the statement was made on his behalf by his counsel and he did not object to it. His silence under these circumstances was clearly a ratification of his counsel's representation even if the latter had no previous authority to make it. Rackham v. Rackham, 1951, 119 Utah 593, 600, 230 P.2d 566, 570; Rose v. Rose, 1956, 385 Pa. 427, 433, 123 A.2d 693, 696–697; Restatement, Agency, § 94; 2 Am.Jur. Agency, § 232; 5 Am.Jur. Attorneys at Law § 71; 7 C.J.S. Attorney and Client § 71b. See also United States v. Sorrentino, 3 Cir., 1949, 175 F.2d 721, 723, certiorari denied 338 U.S. 868, 70 S.Ct. 143, 94 L.Ed. 532.

The order of the district court will be affirmed.