[No. 28703.   Department One.   January 4, 1943.]

IRENE THOMPSON, *Appellant,* v. MILTON THOMPSON, *Respondent.*[1]

*Wilmot W. Garvin,* for appellant.

*Richard S. Munter,* for respondent.

MALLERY, J.—Plaintiff brought her action for divorce based on Rem. Rev. Stat., § 982 [P. C. § 7501], subd. 5, being cruel treatment of either party by the other, or personal indignities rendering life burdensome.   After a trial on the merits, the court dismissed her action.   Plaintiff appeals.

Appellant, in the opening brief, states:

"There are no claimed errors of law, and the entire issue is an issue of fact; whether the testimony was sufficient.   .  .  .   This appeal is promulgated upon the assumption that the testimony at the time of trial, both by the plaintiff and by the defendant, showed ample and sufficient grounds for divorce in favor of the plaintiff, notwithstanding the trial court's judgment that the testimony did not evidence sufficient facts to justify a judgment of divorce for the plaintiff."

The appellant claims the following specific grounds were sufficiently proved to justify a divorce:   (A)

[1]Reported in 132 P. (2d) 734.

That the respondent has become abusive to this appellant and continually swears and curses at her, and at times in the presence of their minor daughter. (B) That respondent has humiliated the appellant on frequent occasions by using filthy and immoral manners of speech to appellant in front of her friends and associates. (C) By virtue of respondent's relationship with appellant, appellant's health has failed, and it was necessary that she consult a physician because of her physical condition.

At the outset, it is observed that this is not a case in which this court is passing upon the question of what established facts comprise a *prima facie* case for divorce. The case turns rather upon what facts must be held to have been established or not established and the weight to which they are entitled. If the trial court had believed the evidence appellant desired it to believe and had given it the weight and significance for which she contends, it would have been sufficient to sustain a divorce decree. On the other hand, if the evidence is such that the trial court had the right to disbelieve it or to attach little weight to it, then its dismissal of the action must be sustained.

Upon the question of the profane and obscene language that appellant contends the respondent used before her friends or in the presence of the child, and his abuse of her privately, she gives but one specific instance. We quote her testimony:

"On one occasion, if you want me to come right out and say it, we had company in the house and one of his friends called, and he said, 'Hello, you [using a word which has a vulgar connotation],' over the telephone."

The only other specific instance of obscenity appearing in the record, was the testimony of the respondent under cross-examination. We quote:

"Q. Do you remember the conversation at Bill Ross's at Wandermere when you spoke to your wife in effect and said, 'Let's go home and have sexual intercourse?' A. Yes, I suppose."

There is a conflict in the testimony as to the amount and frequency of the objectionable language used by respondent. The record reveals that appellant was aware of respondent's habits of speech before marriage. When the court asked the appellant directly what the real trouble was between them, she answered by relating their sexual difficulties. The appellant admitted a limited use of profanity on her own part.

The trial court in its oral opinion said:

"Apparently they have been married something over four years . . . and they have a three-year-old child. They apparently got along very well together until just this last year, and something happened in here that has caused this drifting apart. . . . I do not think the defendant's unfortunate habit of swearing was serious enough alone to cause this trouble and to cause this feeling on her part. . . ."

Language can, and frequently does, constitute cruel treatment and render life burdensome. The test, however, is subjective rather than objective. It is not the words used, but the effect of them upon the aggrieved party that is determinative. We are not prepared to say that the court erred in its conclusion upon this point.

Upon the question of their sexual difficulties, there is a sharp conflict in the testimony. There was no expert testimony upon the question of appellant's health. Without reviewing the evidence on this point, it is sufficient to say that, if the court believed the respondent's testimony, it was not error to reach the conclusion expressed in the court's oral opinion:

"On the other hand, I am not impressed that the

sexual relations of the two were such as to convict him of what she is attempting to tell the court here. . . ."

Appellant did not allege or testify that respondent slapped her. Respondent admitted that he had done so upon one occasion, in his cross-examination. Inasmuch as the appellant appears to have given no significance to the incident, the court may do likewise.

In passing, it might be noted that the court may not have been satisfied with the appellant's explanation of her behavior with other men. This may have affected the weight and credibility given to her testimony.

The judgment is affirmed.

ROBINSON, C. J., MILLARD, STEINERT, and JEFFERS, JJ., concur.