## HALL v. HALL.

No. 7000.  Decided March 3, 1947.  (177 P. 2d 731.)

See 27 C. J. S. Divorce, sec. 261; 17 Am. Jur. 480.

*Leon Fonnesbeck,* of Logan, for appellant.

*L. E. Nelson,* of Logan, for respondent.

PRATT, Justice.

This is an appeal from an adjudication of contempt in a divorce proceeding following the decree of divorce, upon the hearing of an order to show cause for failure of payment of alimony.

Mrs. Hall brought suit for divorce against her husband, then a non-resident, and prayed for $65 per month alimony. Her husband entered his appearance and consented to the

decree "as prayed for in said complaint." A stipulation of property settlement was signed by the parties which provided, among other things, that the husband should pay his wife $65 per month alimony in semi-monthly payments of $32.50. The husband did not answer, nor appear at the hearing of the cause. Mrs. Hall testified that the sum was a reasonable sum of money for her support, and also that her husband was earning $150 per month. This was all the evidence submitted on the question of alimony. The lower court after finding that defendant earned this $150 per month, struck out from the findings the figures $65 and $32.50 and changed them to $80 and $40 respectively. The same change was made in the final decree and apparently initialed by the judge. Thus defendant was, under the decree, required to pay $80 in semi-monthly installments of $40 each. This was not called to defendant's attention until about March, of 1943, although the decree was entered in in November, 1942.

Defendant became in arrears in his payments figured on the $65 per month basis—to the extent of three semi-monthly installments of $32.50 each, or $97.50. He had been paying according to stipulation, but not according to the decree. Mrs. Hall filed an affidavit charging defendant with the arrears on the basis of the stipulated alimony. She sought only the $97.50, although she recited the terms of the decree. Defendant who had resumed residence in Utah was ordered to show cause and the matter was heard. Defendant made up the $97.50, and justified this failure to theretofore pay it, but the court held him in contempt for failure to pay $80 per month, fined him $50, and sentenced him to 10 days in jail, the jail sentence to be suspended if the fine was paid by twelve o'clock noon of that day. This appeal was taken. On the 29th of October, defendant filed a motion to modify the decree alleging that he had relied upon the stipulation and had not been given an opportunity to defend himself against the $80 allowance.

At the first part of the hearing upon the order to show cause, defendant testified: He didn't have a cent; that he

had been forced to borrow money from the bank; but that he was willing to do all he could and that he'd been out of work but had been trapping for the state. He has remarried and has children by his second wife. He can't do heavy manual labor. At this hearing the court called defendant's attention to the fact that if he did not seek to modify the decree it would pile up against him on the basis of $80. This part of the hearing was on the 21st of September, 1946. The matter was then continued to October 26, 1946. At the time of the continuance nothing was said to defendant that he was in contempt and had to purge himself, although the court signed an order dated October 26, 1946—from which this appeal was taken—reciting that defendant had been, on September 21, 1946, held in

"contempt of court for failing to comply with the Order of the Court in the payment of alimony and support money. * * *"

This order also recited that defendant was given until the 26th day of October, 1946,

"to purge himself of contempt."

On October 26, 1946, the hearing was opened by a statement by counsel for defendant that the $65 payments had been brought up to date. Then counsel for defendant outlined the defense to the merits of the award of the $80. Defendant was put on the stand and stated that he had paid upon the $65 per month basis. Then his counsel sought to prove matter leading up to the decree and that defendant acted upon the advice of California counsel. Counsel was threatened with contempt, and the court rejected the evidence offered. The court then asked defendant if he had been able to pay $80 per month to which defendant answered in the negative. After further examination the court said:

"Well there isn't any doubt in my mind that you could make these payments if you made up your mind you could and do it."

With that statement he imposed the fine and sentence indicated above.

One of the grounds of appeal is prejudice of the judge of the lower court. We do not recite the facts of this case from its inception for the purpose of discussing error that may have been committed in the rendition of the decree of divorce, as the time for appeal of that decree has expired. Those facts, however, are pertinent to the question of defendant's disobedience of the decree especially with reference to the conduct of the parties leading him to believe that the $65 per month was all he would have to pay; and also as bearing upon the attitude of the court toward the case, as hereinafter indicated. It seems obvious that, under circumstances where the parties were so desirous of adhering to the $65 per month payment basis that they had carried it out without trouble between them for nearly four years, to hold defendant guilty of contempt, rather than invite a motion to modify the decree to conform to the wishes of the parties, was over emphasizing the importance of procedure at the expense of the best interests of the parties. Certainly one does not feel, as he reads the record, that justice was done. Upon the original hearing in divorce the lower court arbitrarily and without pleadings or evidence to support its action made an award of alimony not sought by plaintiff. It made this award in spite of plaintiff's testimony that the amount she had stipulated was a reasonable amount for her support and the support of her children. It made this award without affording defendant any opportunity to meet the issue—in fact, after defendant had every reason to believe that his financial tie to plaintiff had been settled. Defendant was then a non-resident and was under no obligation to enter an appearance, but he did and it was to plaintiff's advantage that he did. The lower court made this award in spite of the fact that plaintiff and her counsel appeared to recognize this advantage and tried to abide by their agreement with defendant. He signed an order on October 26, 1946, reciting facts as to contempt and a purging thereof, not supported by the bill of exceptions.

Upon the order to show cause the plaintiff complained only as to the arrears on the $65 per month basis, but

again the court ignored her desires in the matter. Upon the basis of $65 per month, defendant kept up his payments until the three installments in arrears in 1946, which were the subject of this contempt hearing. Plaintiff never made complaint to the court over those years about a failure to pay $80 per month. Obviously the parties were doing their utmost to settle their difficulties amicably and in the light of their knowledge of the abilities, requirements and needs of each. The lower court, however, ignored these facts.

It is true that we have held that a stipulation for an alimony settlement is only a recommendation to the court— *Jones* v. *Jones*, 104 Utah 275, 139 P. 2d 222—but we did not mean by that that it was to be given no weight at all. Absent any proof to the contrary the lower court should assume that the parties best know their own financial standing and capabilities, and accept their stipulation for its face value, unless the record before the court obviously indicates that to accept the stipulation would not accomplish equity. To ignore the wishes of the parties without grounds for doing so clearly is an arbitrary and capricious act.

Thus we have before us a situation where the lower court has repeatedly indicated his unwillingness to do anything but impose his will upon the parties. Justice is not accomplished in any such manner.

We believe that the evidence is insufficient to support a finding of contempt against defendant.

The judgment of contempt is reversed, and defendant is discharged.

McDONOUGH, C. J., and WOLFE and LATIMER, JJ., concur.

WADE, Justice (concurring).

I concur on the ground that it was not a contempt of court for the defendant to fail to pay more than $65 per month under the facts and circumstances of this case. Since the defendant was fined and given a jail sentence, which was

suspended in case the fine was paid within a given time, the object was to punish him for an indignity toward the court and not to coerce payment of the judgment. Had the latter been the object the court would have ordered him to pay all or a part of the judgment, and committed him to jail until he complied with the order. I do not think that under the facts and circumstances of this case he offered any indignity to the court for which he could be so punished.

In *Foreman* v. *Foreman (In re Barclay)*, 111 Utah 72, 176 P. 2d 165, which is now pending in this court on a petition for rehearing, we held that in a criminal contempt case this court did not get jurisdiction to determine an appeal on its merits where the notice of appeal was not served on the judge, or any other attorney for the state, but was only served on counsel for the opposing party in the action out of the trial of which the contempt arose. Under the cases relied on in that case this would constitute a criminal contempt, and under the ruling there made this court would have no jurisdiction to hear this appeal, since the notice thereof was only served on the opposing attorney in the divorce action. I still adhere to my dissenting opinion in that case and therefore concur in this case.