426 P.2d 221

**Phyllis Urie DeROSE, Plaintiff and Appellant,**

v.

**Richard A. DeROSE, Defendant and Respondent.**

No. 10718.

Supreme Court of Utah.

April 6, 1967.

Leland S. McCullough, Salt Lake City, for appellant.

Alan H. Bishop, Salt Lake City, for respondent.

### CROCKETT, Chief Justice:

Plaintiff, Phyllis Urie DeRose, contests as inequitable and unjust to her the division of property and award of alimony in the divorce decree.

The evidence to establish sufficient ground for a divorce was uncontested by the defendant. The dispute between the parties both at the trial and upon this appeal by the plaintiff, is over the allocation of their property and income.[1]

The parties had been married for 21 years. They had two children, Richard, age 19, presently in the armed services, and Deborah, age 14, living at home. The defendant is a railroad engineer with gross income about $1000 per month, take-home pay about $830 per month. The plaintiff is a receptionist in a medical center with gross pay about $340 per month, take-home pay about $300 per month. The defendant was ordered to pay $150 per month support for each child (the payments for Richard being suspended until his release from the service) and $50 per month alimony to the plaintiff. He is also required to maintain his life insurance policies with the children as beneficiaries; and to bear the expenses of their college education if they attend.

The decree awarded to the plaintiff: (1) all stocks acquired during the marriage (no value shown), (2) a $33.40 check from Investors Syndicate, (3) all household furniture, fixtures, tools and equipment, (4) 1956 Chevrolet station wagon, (5) one-half of their $4250 bank account, (6) the family home upon these conditions: she is required to assume the mortgage of $8788 and to make the payments of $97 a month until it is paid. The decree provides that at the time the youngest child reaches majority, or is out of college, or Mrs. DeRose re-marries, the home is to be sold and the defendant is to receive one-half of their equity as of September 1965. The defendant was awarded this equity, the one-half of the bank account as stated and his 1963 Monza automobile.

---

1. As to duty of trial court in regard to disposition of property and income when grounds for divorce exist and marriage

has failed, see Wilson v. Wilson, 5 Utah 2d 79, 296 P.2d 977.

In addition to the foregoing assets of the parties, there is involved a 1963 Chevrolet Corvette automobile which the plaintiff was responsible for purchasing for their son, Richard, at a cost of $2900, upon which there is a balance of $1800. This car is in the possession of and being used by the plaintiff, and she is obligated to make the payments on it.

We remain cognizant of the prerogatives of the trial court and the latitude of discretion it is properly allowed in divorce cases.[2] But this discretion is not without limit, nor immune from correction on review, if that is warranted. Due to the seriousness of such proceedings and the vital effect they have upon people's lives, it is also the responsibility of this court to carefully survey what is done,[3] and while the determinations of the trial court are given deference and not disturbed lightly, changes should be made if that seems essential to the accomplishment of the desired objectives of the decree: that is, to make such an arrangement of the property and economic resources of the parties that they will have the best possible opportunity to reconstruct their lives on a happy and useful basis for themselves and their children.[4] An important consideration in this regard is the elimination or minimizing of potential frictions or difficulties in the future.

The plaintiff has, and it seems likely will continue to have, the much smaller income and earning capacity. She has the responsibility of maintaining the home for the children during their minority and until they complete their education. She assumes the payments of the mortgage of $8788, which represents a major portion of the value of the house. She must also pay the $1800 on the Corvette. We do not disagree with the defendant's contention that buying the $2900 Corvette for their son was bad judgment. But it apparently was done with the best of intentions to encourage him to take an interest in school. In any event, the residual fact to be reckoned with now is that she has the obligation to pay off the $1800. As we see the overall picture, it will work no hardship upon the defendant, it will be more equitable and fair, and it will harmonize with the objective of attempting to minimize difficulties in the future, if their interest in the family home is awarded to the plaintiff outright so that it will be hers when she has paid off the mortgage.

Affirmed, except as to the equity in the family home, which is awarded to plaintiff. Costs to plaintiff (appellant).

CALLISTER, TUCKETT, HENRIOD and ELLETT, JJ., concur.

2. See Bader v. Bader, 18 Utah 2d 407, 424 P.2d 150, and cases therein cited.

3. As to duty of court to review questions of both law and fact in equity cases see Utah Const. Art. VIII, Sec. 9; see Nokes v. Cont. Min. & Mill., 6 Utah 2d 177, 308 P.2d 954.

4. See Wilson v. Wilson, footnote 1 above.