444 P.2d 511

Robert O. CHRISTENSEN, Plaintiff
and Respondent,

v.

Ethel T. CHRISTENSEN, Defendant
and Appellant.

No. 11003.

Supreme Court of Utah.

Aug. 21, 1968.

J. Grant Iverson, of Moffat, Iverson &
Taylor, Salt Lake City, for appellant.

W. Brent Wilcox, of Hanson & Garrett,
Salt Lake City, for respondent.

CROCKETT, Chief Justice:

Defendant Ethel T. Christensen appeals from a decree of divorce awarded to her husband, Robert O. Christensen. She contends (1) that the evidence does not support the granting of a divorce, and (2) in the alternative, that if the divorce is upheld, the award made to her was unfair and inequitable.

■ The parties are near the mid-century mark in age; have been married for 25 years; have reared five children of whom two, Norma, age 16 and Charles, age 13, are still dependent and living at home. From the evidence it appears that the marital barque has sailed a tempestuous sea, and that, as is quite usual and not unnatural to find in such situations, neither party is without fault. Nevertheless, it was the trial judge's prerogative to believe the evidence which impressed him that the greater probability of truth lay therein. There is competent credible evidence to support his findings in favor of the plaintiff: that the defendant had caused him great mental distress in provoking quarrels, in quarreling with him, and with the children; in continually belittling him in various ways, and as a provider for the family; and in failing to properly discharge her duties in the home.

The money and property to be dealt with is respectable but not extensive. They own a home in Bountiful valued at $12,000 to $14,000 with a balance of $4,000 to be paid in monthly installments of $56. Plaintiff has for many years worked for the U. S. Government as an examiner of savings and loan associations. He has a present salary of about $8,500 per year, plus per diem and mileage; and the defendant is not employed.

The trial court awarded the defendant the custody of the two minor children, $100 a month each for their support; a lump sum of $2,400 alimony, payable, at plaintiff's option, in monthly installments of $100 until paid; the home and its furnishings; her automobile; that the plaintiff pay certain family debts; and pay to the defendant $300 for her attorney's fee; while the plaintiff was awarded his automobile and his personal belongings.

In assailing the decree as inequitable the principal argument made on behalf of the defendant is that, in any event, the trial court should not have limited the alimony award to two years, but that under the circumstances she should have permanent alimony. The position urged is that even if there be fault or frailty on the part of the wife, the court should keep in mind that if she is placed in too serious an economic disadvantage, she may become dependent upon others or the public, which should be avoided. Citing MacDonald v. MacDonald.[1]

1. 120 Utah 573, 236 P.2d 1066.

■ Defendant's argument, carried to its conclusion, would mean that whenever a marriage has lasted for any considerable number of years, the wife would always be entitled to permanent alimony. We do not regard that as the law. Nor did we so intend by the statement in the MacDonald case which, incidentally, was quoted from the trial judge. As indicated therein, it is one of the factors to be considered with all of the others in making the adjustment which the court deems just and equitable between the parties. This is also true of the relative guilt, or perhaps better stated, the greater responsibility one spouse may appear to have than the other for bringing about the failure of the marriage. This seems to have been quite definitely true in the instant case. There is evidence to the effect that the defendant has been very demanding with respect to finances. The trial court stated in part:

This defendant has demonstrated to this Court, from the evidence, that the plaintiff could not satisfy her financial needs, and I don't believe she'd be satisfied with anything this Court could provide for her, * * *.

\* \* \* \* \* \*

*Well, this Court is not going to saddle this plaintiff, under the facts of this case, with a permanent award for alimony.*

2. See Dahlberg v. Dahlberg, 77 Utah 157, 292 P. 214; Hendricks v. Hendricks, 91 Utah 553, 63 P.2d 277.

Again, I point out that the Court has been very liberal in the property settlement award, giving it all to the defendant, and has granted a very liberal support money award. * * * In the light of the testimony, and the needs of the defendant, the Court will award defendant a lump sum alimony in the sum of $2400. [Emphasis added.]

■ Whether we as individual judges would or would not have arrived at the exact same formula as to what the most practical and just treatment of the economic espects of this situation is not the question on this appeal. Even though it is the established rule that divorce cases being in equity, it is the duty of this court to review and weigh the evidence,[2] it is equally true that we have invariably recognized the advantaged position of the trial judge and given deference to his findings and judgment, declaring that they should not be upset unless the evidence clearly preponderates against them, or unless the decree works such an injustice that equity and good conscience demand that it be revised.[3] An important consideration in this regard is "the elimination or minimizing of frictions or difficulties in the future,"[4] which the trial court appears to have considered an important factor in this case.

3. See Slaughter v. Slaughter, 18 Utah 2d 274, 421 P.2d 503.
4. See statement in DeRose v. DeRose, 19 Utah 2d 77, 426 P.2d 221.

**266**

■ Consistent with the rules of review just stated, it is our judgment that the decree should be affirmed. The parties to bear their own costs.

CALLISTER, TUCKETT, HENRIOD, and ELLETT, JJ., concur.