473 P.2d 397

.Alice T. PICKENS, Plaintiff and Appellant,

v.

Ellison K. PICKENS, Defendant and Respondent.

No. 11985.

Supreme Court of Utah.

Aug. 6, 1970.

Ira A. Huggins, Huggins & Huggins, Ogden, for appellant.

Richard W. Campbell, Ogden, for respondent.

CALLISTER, Justice:

Plaintiff wife appeals from a judgment awarding her a divorce. On appeal, she expresses concern that the findings of the trial court are insufficient to sustain a decree of divorce. She further asserts that the failure of the trial court to grant her a financial award, together with her costs and attorney's fees, was arbitrary and inequitable.

The trial court found that the marriage endured less than four months, and during this interim, there were three separations. The court determined that the marriage was never successful and could only be considered a constant failure; that the union was an unfortunate one in the first instance and did not improve during its short existence. The court further

found that each was guilty of conduct constituting mental cruelty to the other and that such conduct was approximately equal on each side.

A survey of the record reveals ample evidence to support the aforementioned findings.

In Wilson v. Wilson [1] this court observed:

> When it appeared that the purposes of matrimony had been destroyed to the extent that further living together was intolerable, it was in accordance with the court's duty and prerogative to grant plaintiff a divorce. * * *

Plaintiff further contends that it was inequitable and unjust for the trial court to award her only one half of her attorney's fees and to deny her costs and claim for alimony or a property settlement.

The trial court found that both parties had put all of their income into their expenses and that at trial each had attempted to explain the finances in a light most favorable to himself. The court determined that it would make no effort to distinguish among the moneys earned and spent during marriage or to order any payment by either party to the other. The court denied plaintiff alimony.

In Christensen v. Christensen [2] this court stated:

> Whether we as individual judges would or would not have arrived at the exact same formula as to what the most practical and just treatment of the economic aspects of this situation is not the question on this appeal. Even though it is the established rule that divorce cases being in equity, it is the duty of this court to review and weigh the evidence, it is equally true that we have invariably recognized the advantaged position of the trial judge and given deference to his findings and judgment, declaring that they should not be upset unless the evidence clearly preponderates against them, or unless the decree works such an injustice that equity and good conscience demand that it be revised. * * *

In a statement from the bench, the trial court specifically rejected as inaccurate the accounting rendered by plaintiff and observed that each party, as far as financial matters were concerned, contributed to his capacity and that each party should be left in his present financial position. The evidence further revealed that

1. 5 Utah 2d 79, 82, 296 P.2d 977, 979 (1956).

2. 21 Utah 2d 263, 265, 444 P.2d 511, 512 (1968).

plaintiff received approximately $100 more a month take-home pay than defendant; in addition, plaintiff received child support and rental income. On the other hand, defendant was obligated due to a previous marriage to pay $140 per month alimony and $40 child support. Under the complete circumstances of this case as revealed by the record, there is not a scintilla of evidence to support plaintiff's assertion that the financial disposition was inequitable. The judgment of the trial court is affirmed and costs are awarded to respondent.

CROCKETT, C. J., and TUCKETT and HENRIOD, JJ., concur.

ELLETT, Justice (concurring).

I concur but wish to make clear that the trial court is being affirmed because he found that each party was guilty of conduct which had caused mental cruelty to the other, and not by reason of any incompatibility as may be indicated by the quotation from the case of Wilson v. Wilson, 5 Utah 2d 79, 82, 296 P.2d 977 (1956).

The Wilson case did not hold that a divorce could be granted on any grounds other than those set forth in Chapter 3, Title 30, U.C.A.1953 as amended. (See Curry v. Curry, 7 Utah 2d 198, 200, 321 P.2d 939).