485 P.2d 663

**Bobby Dean MULLINS, Plaintiff and Appellant,**

v.

**Elma May Olson MULLINS, Defendant and Respondent.**

**No. 12245.**

Supreme Court of Utah.

May 26, 1971.

Summerhays, Klingle & Cohne, Lowell V. Summerhays, Joseph N. Beecroft, Salt Lake City, for plaintiff and appellant.

Salt Lake County Bar Legal Services, David S. Dolowitz, Richard A. Rappaport, Salt Lake City, for defendant and respondent.

HENRIOD, Justice:

Appeal by plaintiff from a divorce decree awarded to defendant. Affirmed with costs to defendant.

Plaintiff says the trial court erred in 1) granting the divorce and 2) custody of the children to the mother. After reviewing the record in this case, we are of the opinion and hold that Sartain v. Sartain, 15 Utah 2d 198, 389 P.2d 1023 (1964), and the principles there enunciated are dispositive here.

This case might be categorized as a comedy of terrors, in which, between September 26, 1969, and May 19, 1970, a period of less than eight months, Mr. M had filed his complaint, and thereafter on an average, almost weekly, filed some sort of disturbing paper, including one firing his counsel, (perhaps the least disturbed) four petitions for orders to show cause why Mrs. M was in default for some reason or another or why she should not be held in contempt for something or other, including an order to show cause why she should "not allow Rusty and Jimmy to play on the Little

League Baseball Team"; nine notices to take the depositions of 16 various and sundry persons; 27 subpoenas, give or take one, an amended complaint, and a motion to provide separate counsel for the children. By this time Mrs. M's counsel had resigned, and the record fails to reveal his whereabouts or what happened to him. Nonetheless, she was represented thereafter consecutively by a couple of other attorneys. The deluge of questionable reading material in this case suggests a similarity to the Chinese water torture, and the written psychiatric evaluations filed in this case, gave no apparent relief from the downpour.

The trial court in its decree wisely ordered the Conciliation Department of the Domestic Relations Court to carry out a post-hearing investigation and report back to the court not later than November 19, 1970. We assume this has been accomplished and that any further orders pertaining to custody, support money, etc. may be effected if deemed necessary, under the continuing jurisdiction of the court.

It appears that the trial court concluded that there were grounds for divorce on both sides when it pondered that "Unfortunately our law does not allow me to say that both of them are entitled to a divorce (and) if it were so I presume that is what I would say in this case." When a divorce is granted to one, both of the spouses effectively are divorced. There seems to be nothing in our statute or in logic that would prevent a dissolution[1] of the marriage by granting a divorce to both, where the facts fault each equally as respect to grounds therefor,—if such procedure would make anybody happy. Whether one or the other or both should be given a divorce should be left to the sound discretion of the trial court based on the evidence adduced.

CALLISTER, C. J., and TUCKETT, ELLETT and CROCKETT, JJ., concur.

---

1. Secs. 30–3–1 and 30–3–2, Utah Code Annotated 1953.