490 P.2d 339

**George GHOST, Plaintiff and Respondent,**

**v.**

**Thelma GHOST, Defendant and Appellant.**

**No. 12252.**

Supreme Court of Utah.

Nov. 3, 1971.

Grant Macfarlane, Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

The plaintiff commenced these proceedings for a divorce and the defendant counterclaimed seeking a decree of separate maintenance. The court below awarded a divorce to the plaintiff, and the defendant is here seeking a reversal.

The parties were married on February 26, 1937, and continued to live together until their separation on November 29, 1969. Prior to December 31, 1959, the plaintiff had been employed by the Denver and Rio Grande Western Railroad for a period of 48 years. After the plaintiff's retirement from his employment at the railroad, he continued to work at various places until 1965 when ill health prevented him from continuing. During the marriage the defendant inherited an apartment house which is now subject to probate proceedings in the district court. While the parties were living together defendant had control of the family finances and it was the practice of the plaintiff to turn over to the defendant his wages except for a small allowance for the plaintiff's needs. A substantial portion of the family savings was expended for repairs to the apartment house.

The court below found that for a long period of time prior to the separation of the parties that while they had lived to-

Kenneth Rigtrup, Salt Lake City, for defendant and appellant.

gether they had not cohabited. The court further found that prior to the separation the defendant had called the plaintiff vile names and had cursed him on numerous occasions. On or about November 29, 1969, the defendant threw the plaintiff's belongings out of the house and ordered him to leave. There was testimony in the record to the effect that the plaintiff was guilty of offensive conduct toward the defendant, and that he also called her vile names and also cursed her.

The court below concluded that the plaintiff was entitled to a decree of divorce. The court awarded to the defendant all of the property accumulated by the parties during the marriage, including the apartments and the balance of the bank account. The defendant receives as income from the apartments the sum of $245 per month and in addition thereto she receives the sum of $80.55 per month under the Railroad Retirement Act, and $21.70 from Social Security. The plaintiff receives $190.75 per month under the Railroad Retirement Act and $59.30 Social Security. The defendant was awarded attorney's fees in the sum of $125.

The defendant is here seeking a reversal and her main contention is that upon the divorce becoming final she will lose the right to receive the $80.55 under the Railroad Retirement Act. Neither the plaintiff nor the defendant intend to resume the relationship of husband and wife, nor to live together. While it is true that the parties possess only limited income and that the entry of the divorce will result in the forfeiture of a part of that income, nevertheless we are of the opinion that the lower court did not abuse its discretion in deciding that the unhappy marriage of the parties should be terminated.[1] The record discloses ample grounds to entitle the plaintiff to a divorce, and the court below acted well within the bounds of its discretion in granting a decree to the plaintiff.

The defendant also claims that the court erred in failing to make an award of alimony to the defendant and that the award of attorney's fees is inadequate. The record reveals that the plaintiff is in poor health and a considerable portion of his income goes to pay the cost of medical care and treatment. In view of these circumstances and the fact that the plaintiff's income and resources are very limited, it does not appear that the court abused its discretion in failing to award alimony to the defendant.[2] As to the attorney's fees, it is undoubtedly true that counsel for the defendant performed services far in excess of the amount

1. Stevenson v. Stevenson, 13 Utah 2d 153, 369 P.2d 923; Anderson v. Anderson, 104 Utah 104, 138 P.2d 252.

2. Christensen v. Christensen, 21 Utah 2d 263, 444 P.2d 511.

awarded by the court. It would appear that the court determined what plaintiff could reasonably pay but did not intend to base a reasonable value upon the services rendered by defendant's counsel.

We find no error which would justify a reversal of the decision of the court below and the same is affirmed. Each of the parties to bear his own costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.