**Kellie K. JACKSON, Plaintiff and Appellant,**

v.

**Mark Allen JACKSON, Defendant and Respondent.**

**No. 16479.**

*Supreme Court of Utah.*

Aug. 25, 1980.

Pete N. Vlahos of Vlahos & Knowlton, Ogden, for plaintiff and appellant.

Donald C. Hughes, Jr., Ogden, for defendant and respondent.

HALL, Justice:

Plaintiff Kellie K. Jackson takes this appeal from a decree of divorce below, providing for child support, attorney's fees, and distribution of property.

Plaintiff married defendant Mark Allen Jackson in Ogden, Utah, on February 25, 1978. Prior to their marriage, both parties had been employees of a franchise restaurant in the Ogden area, known as "The Italian Place." Shortly following their marriage, the parties resolved to purchase the franchise restaurant and to manage it themselves. To this end, they borrowed a substantial sum of money from defendant's father.

Although the business purchased by the parties proved only nominally profitable, they persisted in living well beyond their

means, and proceeded to incur numerous debts and obligations, which included the acquisition of three motor vehicles, all financed through lending institutions.

During the course of the marriage, defendant invested substantial sums of money in two separate business ventures; neither proved profitable.

The parties also purchased a house located in Ogden, Utah. Inasmuch as they were unable to secure financing for this purpose, defendant's father agreed to co–sign a note in favor of Prudential Federal Savings, and to advance to the parties a sum of approximately $14,900 as a down payment. As the father's construction company had erected the house, the parties were further able to secure the house at builder's cost. An appraisal given shortly before the present action was filed assigned the house a fair market value of approximately $57,000.

Plaintiff filed for divorce on November 29, 1978, approximately 9 months following the marriage. Prior to such filing, the parties entered into a tentative property distribution settlement, which was, however, never adopted or accepted by the trial court.

At present, the parties stand indebted in the amount of nearly $70,000. Defendant's parents have taken over operation of the restaurant franchise in the interest of protecting their investment. Obligations on the house, between the debt owed defendant's father for the down payment and mortgage, total $51,000, leaving an equity of approximately $6,000.[1] While the parties have some equity in one of the automobiles, the equity in the remaining motor vehicles is negligible.

The trial court granted plaintiff a decree of divorce from defendant, and granted her the care and custody of the party's 9–month old child (together with $140 per month child support). Plaintiff was likewise awarded numerous items of furniture, a

1. It does not appear that the equity in the home is the results of payments made by the parties during their marriage. To the contrary, the equity appears to arise in part from the dis- count purchase price which the parties were able to secure from defendant's father, and in part from inflation.

washer and dryer combination, television set, and bedroom set. Defendant was given the house, subject to the mortgage, and the business. Defendant was also charged with the assumption and discharge of all debts incurred during the marriage, both personal and pursuant to the parties' business ventures, and was ordered to hold plaintiff harmless, even in the event that defendant was forced to file a petition in bankruptcy. Plaintiff was awarded court costs and attorney's fees.

The only relief sought by plaintiff on appeal is a modification of the decree of divorce in order to redistribute the assets of the marriage more equally between the parties. We affirm the disposition of the trial court.

■ It is to be observed at the outset that this Court is not at liberty to undertake an independent retrial of all factual issues arising in a suit in equity. This Court is charged with the review of both facts and law in equity decisions,[2] and may, where the occasion warrants, substitute its own judgment for that of the trial court and fashion its own remedy according to the demands of justice.[3] Nevertheless, the trial court's disposition of the matter is entitled to a certain deference, and should be disturbed only where such is necessary to prevent manifest injustice.[4] We are not convinced that the trial court's disposition of the instant matter constituted such manifest injustice that remedy is required at the hands of this Court.

■■ The trial court in a divorce action is vested with plenary power to distribute marital property according to the demands of justice,[5] and it may consider all relevant factors in the making of such distribution, including the financial situation of the parties, the present and expected income, etc.[6] In the instant case, the parties had managed, during the 9-month course of their marriage, to incur debts in excess of $60,-000. The $6,000 "equity" in the house, a portion of which plaintiff seeks as relief pursuant to this appeal, was itself rendered possible by a loan to the parties by defendant's father in the amount of $14,900. While it is true that this loan was not secured by a mortgage on the house, and that the house therefore has a value, net of actual encumbrances, of approximately $6,000, it is nonetheless true that the obligation owing the father, like the other obligations incurred by the couple, is still outstanding. Such obligations have been placed, by the action of the trial court, solely upon the defendant. Plaintiff, by order of the trial court, is to be held harmless from all claims of creditors, even in the event of the defendant's filing of a petition in bankruptcy. Where a married couple jointly assumes financial obligations far in excess of their assets, the awarding of said assets to the party burdened with the discharge of the indebtedness thereon can hardly be regarded as unjust.

■ In light of the foregoing, it is not persuasive that plaintiff had, prior to the divorce, a one-fourth interest in the house, title thereto being held by plaintiff, defendant, and defendant's parents as tenants in common. The state of title to marital property prior to a divorce decree is not necessarily binding on the trial court in its distribution of such property pursuant to such decree. The trial court is empowered to make such distributions as are just and

2. Article 8, § 9, Constitution of the State of Utah.

3. *Read v. Read*, Utah, 594 P.2d 871 (1979); *Wright v. Wright*, Utah, 586 P.2d 443 (1978); *DeRose v. DeRose*, 19 Utah 2d 77, 426 P.2d 221 (1967).

4. *Ovard v. Cannon*, Utah, 600 P.2d 1246 (1979); *McBride v. McBride*, Utah, 581 P.2d 996 (1978); *Ream v. Fitzen*, Utah, 581 P.2d 145 (1978);

*Peterson v. Carter*, Utah, 579 P.2d 329 (1978); *Fletcher v. Fletcher*, Utah, 615 P.2d 1218 (1980), and cases cited therein.

5. U.C.A., 1953, 30 3 -5, as amended.

6. *Wilson v. Wilson*, 5 Utah 2d 79, 296 P.2d 977 (1956); *Foreman v. Foreman*, 111 Utah 72, 176 P.2d 144 (1946).

equitable, and may compel such conveyances as are necessary to that end.[7]

█ The foregoing rationale applies *a fortiori* to the award of the motor vehicles to defendant. It is apparent from the record that the parties had only a small amount of equity in one of the automobiles, and little or none in the other vehicles. As such, the net effect of any award to plaintiff of one or more of the motor vehicles would be to grant her title to an automobile, free and clear of financial encumbrances which she herself voluntarily assumed. That the trial court did not see fit to do so can hardly be regarded as manifestly unjust. The terms of the proposed settlement agreement reached at some point by the parties,[8] are likewise not persuasive in our consideration of this matter. Property settlements reached by the parties to a divorce action are entitled to considerable weight, but are not absolutely binding on the trial court's deliberations.[9] Where the trial court is thus given discretion regarding stipulations entered into by the parties to the divorce proceeding, its decision should not be reversed for failure to adopt such a stipulation where, as in the present case, reasons for such an adoption are so conspicuously absent.

As a general rule, a divorce court distributes between the parties the net estate of the marriage, following the satisfaction of all debts and obligations which the parties have incurred.[10] From a bookkeeping perspective, the couple in the instant case had no such net estate; the total value of their assets was vastly exceeded by the obligations which they had assumed. As such, the award of what property the couple did own to the defendant, who is responsible for satisfaction of all claims against the couple, suggests no impropriety whatsoever.

The decision of the trial court is hereby affirmed. Costs to defendant.

7. See footnote 5, supra.

8. It is not clear from the record whether such a settlement agreement was actually submitted to the court, or was simply proposed by one of the parties, and found unacceptable by the other party.

CROCKETT, C. J., and WILKINS and STEWART, JJ., concur.

MAUGHAN, J., having disqualified himself, does not participate herein.

9. *Madsen v. Madsen*, 2 Utah 2d 423, 276 P.2d 917 (1954); *Hall v. Hall*, 111 Utah 263, 177 P.2d 731 (1947).

10. 24 Am.Jur.2d, Divorce and Separation, § 926.