387 P.2d 91

**Marie Clark KNIGHTON, Plaintiff and Appellant,**

v.

**Calvin K. KNIGHTON, Defendant and Respondent.**

**No. 9895.**

Supreme Court of Utah.

Dec. 2, 1963.

Gustin, Richards & Mattsson, Salt Lake City, for appellant.

Bradford, Tanner & Forbes, Bernard M. Tanner, Salt Lake City, for respondent.

CROCKETT, Justice.

The plaintiff appeals from an order modifying the divorce decree.

■ The original decree entered in November, 1962, was based on the finding that the defendant had income of up to $485.00 per month. He was required to pay $75.00 per month support money for each of two children and $75.00 alimony for the plaintiff, total $225.00 a month, and to pay certain obligations and attorney's fees.

Pursuant to a hearing held in March, 1963, the court ordered the alimony reduced to $1.00 a month until certain debts were paid, and that it then be increased to $50.00 per month. Upon this appeal the plaintiff contends that there was no substantial change in circumstances so the modification of the decree was not justified. Cody v. Cody, 47 Utah 456, 154 P. 952, and Anderson v. Anderson, 13 Utah 2d 36, 368 P.2d 264.

■ This court should indulge every presumption in favor of sustaining the action of the trial court and will be reluctant to interfere therewith, doing so only for the clearest abuse of discretion or violation of established principles of law. The modification of the decree was not only equitable and just, but seems imperative to serve the interest of the parties, including permitting the defendant some basis upon which he can continue to work and produce the income which is the subject of controversy.

It is our opinion that there is sufficient difference between the circumstances as shown by the original findings and decree and those shown to the court at the time of the supplemental hearing to justify the order made. In the latter hearing it was shown that the actual net take-home pay of the defendant was about $365.00 per month, and that the $225.00 per month referred to and other obligations the defendant was ordered to pay amounted to $328.00 per month, an obviously insuperable burden. It was also shown that his prospective income for the spring and summer months from his commissions from his employer, the Cottonwood Dairy, could be expected to be somewhat less than during the winter months; and that although the defendant had done

his best to take care of his family obligations under the decree with prudence and frugality, he had incurred additional debts upon which he had to pay at least $25.00 per month out of his salary.

We have often said that the trial court has broad equitable powers to safeguard the interest and welfare of the family. It appears to have acted in that interest and its order· will not be disturbed. Affirmed. No costs awarded.

HENRIOD, C. J., and CALLISTER, McDONOUGH, and WADE, JJ., concur.