419 P.2d 199

**Alan F. FRANK, Plaintiff and Respondent,**

v.

**Nancy S. FRANK, Defendant and Appellant.**

No. 10668.

Supreme Court of Utah.

Oct. 25, 1966.

Richard L. Dewsnup, Salt Lake City, for appellant.

Harley W. Gustin, Salt Lake City, for respondent.

HENRIOD, Chief Justice:

Appeal from a divorce decree which allegedly was prejudicial as to alimony and property division. Affirmed with costs to respondent.

The respondent filed the divorce action but stood mute as to his alleged grounds therefor, and the divorce ultimately was granted to appellant, Mrs. Frank.

Respondent, married twice before, married appellant, about 10 years his junior. After two or three months the marriage was rocked by bickering and incompatibility, resulting in separation. Nonetheless, it fructified in the birth of a male child about a year later.

The litigants and their families appear to be good, substantial people, but goodness and substantially in this case were no substitute for natural love and affection.

Only question here is the alimony award and property division. Mrs. Frank was awarded $200 a month for three years, and $100 per month permanent support money for the little boy. She was awarded also his custody subject to visitation rights in respondent of three hours twice a month.

No one questioned the reasonableness of the custody award, which lends some credence to the idea that money may be a leading issue in some cases.

We think the trial court arrived at an equitable conclusion in case of a very short-lived marriage. The record indicates that on believable evidence, neither party was in a very much different position financially before and after the fortunate or unfortunate walk to the alter. One consoling fact in favor of Mrs. Frank is that she has almost complete custody of the baby,—the possession of a jewel far more precious than the gems and clothing she claims, over Mr. Frank's emphatic denial, that he purloined,—or the desire for more alimony.

No useful purpose can be served by reciting the controverted facts reflected in the record. The trial court's conclusion might even be designated as Solomonic, under the circumstances. Obviously these mature adults made a terrible, but perhaps an honest mistake, leaving an innocent baby, who cares little or nothing about the material things of life to be deprived of a normal rearing by his parents, and without the care and affection of a solid home environment.

McDONOUGH, CALLISTER, CROCKETT, and TUCKETT, JJ., concur.