421 P.2d 503

**Donald F. SLAUGHTER, Plaintiff and Respondent,**

v.

**Marian T. SLAUGHTER, Defendant and Appellant.**

No. 10602.

Supreme Court of Utah.

Dec. 20, 1966.

---

6. Johnson v. Maynard, 9 Utah 2d 268, 342 P.2d 884.

7. See Hales v. Peterson, footnote 1 above.

Harold R. Boyer, of Romney & Boyer, Salt Lake City, for appellant.

Ernest F. Baldwin, Jr., of Hanson & Baldwin, Salt Lake City, for respondent.

PER CURIAM:

In an action for divorce commenced by plaintiff, Donald F. Slaughter, the defendant, Marian T. Slaughter, was awarded a decree of divorce on her counterclaim. She appeals attacking only the aspect of the decree dealing with the award of alimony, support money and property settlement.

■ The parties, plaintiff age 50, defendant age 48, had been married for 24 years, and had reared three children, two of whom were adults. Their son, age 12, is the only child remaining at home. During part of their marriage, the plaintiff had taught school, and between them, principally from the earnings of the plaintiff, they had accumulated property worth between $80,000 and $90,000, part of which was derived from an inheritance of $15,000 from the plaintiff's mother. The plaintiff is a retired Army colonel with a pension of something over $600 a month and is presently employed, receiving about $700 per month. While the parties dispute each other as to the values put upon the assets each received, the trial court appears to have made a division of the property not too far from equal. In addition thereto, the decree ordered the plaintiff to pay the defendant $300 per month as alimony and $100 per month for the support of the minor child.

■ We think it would serve no useful purpose to set forth in further detail the respective contentions of these parties as to the assets or the equities between them. It is our impression that the trial court has given conscientious and judicious consideration to the various factors appropriate to consider in such situations and has entered the decree which he deems just and equitable in the circumstances. See Wilson v. Wilson, 5 Utah 2d 79, 296 P.2d 977; MacDonald v. MacDonald, 120 Utah 573, 236 P.2d 1066; Habbeshaw v. Habbeshaw, 17 Utah 2d 295, 409 P.2d 972. We are not persuaded that he abused the broad discretion which is reposed in him in such matters.

Affirmed. Costs to plaintiff (respondent).