422 P.2d 192

Melva S. **ANDERSON**, Plaintiff and Appellant,

v.

Biard E. **ANDERSON**, Defendant and Respondent.

No. 10715.

Supreme Court of Utah.

Jan. 11, 1967.

11. Whitman v. Lowe, 98 Vt. 152, 126 A. 513 (1924); 69 A.L.R. 1519.

Leland S. McCullough, Harley W. Gustin, Salt Lake City, for appellant.

Macoy A. McMurray, Salt Lake City, for respondent.

PER CURIAM:

A decree of divorce was granted to plaintiff, Melva S. Anderson. She now appeals from that part of the divorce decree ordering that the accumulated property of the parties be sold to pay their debts and the net assets remaining, if any, be distributed, one-third to the plaintiff and two-thirds to the defendant. In addition the plaintiff was awarded $200 per month as alimony and $900 attorney's fees.

This court has stated that "[t]he court's responsibility is to endeavor to provide a just and equitable adjustment of their economic resources so that the parties can reconstruct their lives on a happy and useful basis. In doing so it is necessary for the court to consider, in addition to the relative guilt or innocence of the parties, an appraisal of all of the attendant facts and circumstances: the duration of the marriage; the ages of the parties; their social positions and standards of living; their health; considerations relative to children; the money and property they possess and how it was acquired; their capabilities and training and their present and potential incomes." [1]

The court frequently emphasizes that "no firm rule can be uniformly applied in all divorce cases, * * * each must be determined upon the basis of the immediate fact situation. * * * [R]ecent pronouncements of this court, and the policy to which we adhere, are to the effect that the trial judge has considerable latitude of discretion in such matters and that his judgment should not be changed lightly, and in fact, not at all, unless it works such a manifest injustice or inequity as to indicate a clear abuse of discretion."

The extent of this discretion is emphasized by the great disparity of results allowed in differing factual situations. In Blair v. Blair, 40 Utah 306, 121 P. 19, 38 L. R.A.,N.S., 269 (1912), the court upheld a

1. Wilson v. Wilson, 5 Utah 2d 79, 296 P. 2d 977 (1956) ; Pinion v. Pinion, 92 Utah 255, 67 P.2d 265 (1937) ; Allen v. Allen, 109 Utah 99, 165 P.2d 872 (1946).

property division awarding $40,000 to the husband and $4,500 to the wife, even though the divorce had been granted in her favor. At the other extreme, in *Wilson*, supra, where "the court awarded her substantially all of the property possessed by the parties" (in excess of $20,000 to the wife and approximately $500 to the husband), the decree was also affirmed. The court has sustained the one-third, two-thirds property division used by the trial court in the present case, without regard to which party was granted the divorce. Wooley v. Wooley, 113 Utah 391, 195 P.2d 743 (1948) ; Griffin v. Griffin, 18 Utah 98, 55 P. 84 (1898) (In *Griffin* this proportion was approved by analogy to the rights of the widow to succeed to one-third of her deceased husband's estate at common law).

The facts in the present case clearly support the division of property ordered by the trial court. The parties, plaintiff age 55 and defendant age 53, terminated their married life after being married over 30 years. Mr. Anderson has worked for American Smelting & Refining Company throughout this period, earning a comfortable living for Mrs. Anderson and their three children who are now over 21 and away from home. She has been working for the last two years.

In spite of his substantial income ($1,000 per month), the family was heavily in debt at the time of trial. During the 25 years of marriage before 1960 there was no serious financial difficulty. In 1960, at the insistence of Mrs. Anderson, the parties borrowed heavily and spent over $55,000 building a home on Crestview Drive in Salt Lake City.

Commencing in 1952, when Mr. Anderson received an inheritance from his father's estate, he has been involved in various business ventures culminating in a chicken farm in 1962. These investments have shown a reasonable net profit until 1965 when his borrowing from the operating capital to meet obligations on the house all but bankrupt the farm operation. He also had a fire loss that year. These business ventures have not involved his pay check (take-home pay of $800 per month) which was regularly delivered to his wife since before 1960. In 1964 he found that his wife had accumulated $3,000 in new debts for household expenses, so he took back his pay check to try to keep these paid. During this period of financial crisis Mrs. Anderson purchased a new Oldsmobile 442 for their son and then after this proceeding commenced turned it back to the bank and purchased a new 1966 Oldsmobile for herself.

Mr. Anderson consulted financial counselors and attempted to get his wife to accompany him to discuss with them their financial dilemma and work out an arrangement to pay off the debts and live within their income. She refused to discuss it.

The parties now have liabilities in excess of $71,000 and a net worth of perhaps

$10,000. Bankruptcy is apparently inevitable unless the home is sold and the debts are paid.

It is conceded that both parties had grounds for divorce. The plaintiff here argues that in making the disposition of property the court was influenced by the relative fault of the parties, notwithstanding they had agreed to the contrary. The record does not support her contention. The trial judge held a taut rein at the trial, cautioning both attorneys that grounds for divorce being established, the degree of fault was of no further concern to him. It thus affirmatively appears that he did not penalize the plaintiff in that regard, but considered the various factors bearing upon their financial situation and an equitable solution to the problems presented.

The plaintiff also suggests the the business debts of the parties be paid by the defendant out of his earnings and that she be awarded one-half of all the property remaining after these obligations are paid in full. It is a novel doctrine that would leave the husband with the accumulated liabilities of 30 years of married life and award to the wife one-half of the net assets free and clear of these debts. Any business venture is accompanied by some risk of failure and to say that because the husband managed these investments it is his loss but that she will nevertheless share in the profitable portion of his financial endeavors, is an untenable suggestion. She

married him "for better or worse." This does not mean the 'better" for her and the "worse" for him.

It is our conclusion that the disposition of property herein was well within the rather broad discretion reposed in the trial judge in such matters. Affirmed. No costs awarded.