424 P.2d 150

**Fern L. BADER, Plaintiff and Respondent,**

**v.**

**William A. BADER, Defendant and Appellant.**

No. 10691.

Supreme Court of Utah.

Feb. 24, 1967.

L. E. Richardson, Sumner J. Hatch, Salt Lake City, for appellant.

Howard E. Baysinger, Salt Lake City, for respondent.

PER CURIAM.

Defendant, William A. Bader, appeals from a decree of divorce granted to plaintiff, Fern L. Bader, attacking only the aspects of the decree relating to division of the property, alimony and child support.

This was a second marriage for both parties. Plaintiff had three children and defendant two by their prior marriages. They now have two children, ages 4 and 6 born to this union. The marriage was not a happy one, and after seven years terminated in this proceeding. The court having found grounds for a divorce proceeded with what impresses us as a commendable attempt to make a just and equitable disposition of the property and income of the parties.

They possessed these assets: $1690.00 in cash from income tax refunds and the surrender of life insurance policies, $1500.00 equity in a home, a 28-foot trailer house, two boats with motors, two cars, four guns, household furniture and several burial vaults and plots.

The court awarded the defendant all of the property listed above except the household furniture, a four-grave burial plot which plaintiff owned before the marriage, two burial vaults, a 1960 Chevrolet on which $950.00 (its approximate value) was still owed, and $1185.00 of the $1690.00 in cash. The defendant was ordered to assume debts of approximately $4200.00, most of which were incurred in the purchase of the items of property awarded to him.

From the defendant's income of approximately $640.00 per month take-home pay, he was ordered to pay the plaintiff $200.00 a month for the support of the two minor children and $960.00 as a lump sum award of alimony, payable at the rate of $40.00 per month over a period of two years.

■ Defendant attacks the foregoing requirements as inequitable and as placing an insuperable burden upon him. That it is both burdensome and irksome is not to be denied, particularly if one accepts his figures as to how he must spend his money. However, the trial court is obliged to see the situation with equal concern for the wife and dependent children. This is simply one of those all-too-frequent situations where the court was confronted with the impossible task of attempting to cut one blanket to cover two beds and satisfy both parties when the truth of the matter is that they cannot afford a divorce, but must have one anyway.

■ It would lead to intolerable instability of judgments if this court should assume the prerogative and accept the responsibility of merely second guessing a trial judge who has done a conscientious job of attempting to make a just and equitable allocation of the property and income of the parties in regard to alimony and support money, as the trial judge appears to have done here. It is due to this fact, taken into consideration with the nature of the trial judge's authority and duty,

and his advantaged position, that in such matters he is allowed a comparatively wide latitude of discretion which will not be disturbed in the absence of a clear abuse, a circumstance which we have not found here. Anderson v. Anderson, 18 Utah 2d 286, 422 P.2d 192 (1967); Frank v. Frank, 18 Utah 2d 228, 419 P.2d 199 (1966); Wilson v. Wilson, 5 Utah 2d 79, 296 P.2d 977 (1956). This is also true of attorney fees which it is likewise the trial court's prerogative to fix. Christensen v. Christensen, 18 Utah 2d 315, 422 P.2d 534.

Affirmed. Costs to defendant (respondent).