425 P.2d 784

**Charles LeRoy BROADBENT, Plaintiff and Respondent,**

v.

**Emma Farnsworth BROADBENT, Defendant and Appellant.**

No. 10675.

Supreme Court of Utah.

March 22, 1967.

M. Blaine Peterson, Ogden, for appellant.

Dave McMullin, Payson, for respondent.

HENRIOD, Justice:

Appeal from a divorce decree. Affirmed, with no costs awarded.

Mr. B sued Mrs. B for a divorce on the ground of desertion. The latter counterclaimed on the ground of mental cruelty. The court said there was desertion, and no mental cruelty.

The record amply sustains this conclusion. Without burdening this decision with a recitation of the testimony, we think the court did not abuse its discretion in so concluding.

As to Mrs. B's other point on appeal,—that the property division was inequitable,—the record reflects that Mr. B did a pretty good job of providing Mrs. B with funds to support her and junior, David; that she was an intelligent, capable and more or less self-sustaining woman who was taken to Hawaii by Mr. B for some sort of marriage counselling rea-

son, and whose net income was rather sufficient to support herself. She thought that her own income plus that she received from Mr. B, was not sufficient, however, to support junior in the style to which he was unaccustomed. She liked Hawaii, wanted a condominium in the island Paradise, and wouldn't return to Mr. B after years of voluntary absence. Nonetheless, the court required Mr. B to buy her a $15,000 house, —not a $25,000 condominium.

We think the trial court was liberal in its award of alimony, support money, and provision for a home under the circumstances of this case, junior to the contrary notwithstanding.

The veil of mathematical data woven by both sides as to assets and income, effectively and with commendable common sense, were pierced by a sabre wielded by a practical, logical and humanly comprehending conclusion. This is why we affirm the trial court, without laundering the linen of the litigants by recitation of facts revealed in the record that would lead to no other conclusion than that which we reach here.[1]

CROCKETT, C. J., and TUCKETT, CALLISTER and ELLETT, JJ., concur.

---

1. See Frank v. Frank, 18 Utah 2d 228, 419 P.2d 199; Slaughter v. Slaughter, 18 Utah 2d 274, 421 P.2d 503 (1966); Anderson v. Anderson, 18 Utah 2d 286, 422 P.2d 192 (1967); Bader v. Bader, 18 Utah 2d 407, 424 P.2d 150 (1967).