442 P.2d 30

**Byron C. WATTS, Plaintiff and Appellant,**

v.

**Ardith D. WATTS, Defendant and Respondent.**

**No. 11072.**

Supreme Court of Utah.

June 7, 1968.

138

Dwight L. King, Salt Lake City, for plaintiff and appellant.

Gustin & Richards, Harley W. Gustin, Salt Lake City, for defendant and respondent.

CROCKETT, Chief Justice:

The plaintiff Byron C. Watts appeals attacking the awards made to the defendant Ardith D. Watts in a divorce decree granted to her on her counterclaim.

The parties are in their late forties, and have been married for 23 years. There are two dependent children, Craig, 11, and Christopher, 17. They have accumulated substantial properties in Salt Lake City, somewhat involved with various debts and mortgages, the detail of which is not of controlling importance here. The plaintiff appears to be quite capable in business matters. He operates an accounting business and income properties from which he has a combined gross income of about $50,000 a year. The defendant has a heart condition which might restrict her employment opportunities.

After a trial the court found the issues in favor of the defendant and granted her a divorce on her counterclaim with the following awards: custody of the 11-year-old, Craig; $350 per month alimony and $150 per month support; the family home and furnishings located at 4270 Vallejo Drive, free of liens or debts other than a first

mortgage; a property at 726 Windsor Street; some burial lots; a 1963 Cadillac; and an award of $8,000 cash payable $1,000 per year over the next eight years. Plaintiff was also required to maintain insurance policies in favor of the defendant and the children; and to pay fees in the amount of $2,030 for the benefit of her attorney.

To the plaintiff the court awarded: a fourplex at 3676 South 3375 West; a triplex at 1394 Pacific Avenue; a fourplex located at 2854 West 3840 South; his office furniture and equipment, accounts receivable, and a 1967 Datsun automobile; and the custody of the 17-year-old Christopher.

While the facts in this case are of course not identical to those in the recently decided case of Slaughter v. Slaughter, 18 Utah 2d 274, 421 P.2d 503, the situation is so generally similar that the principles expressed therein and the authorities therein cited are equally applicable here. Due to the prerogatives and the advantaged position of the trial judge, he has a comparatively wide latitude of discretion in determining the rights and duties of the parties to a divorce in order to provide the most equitable and practical basis for them to readjust their lives in as happy and useful manner as possible. The pertinent factors he should take into account are set forth in those cases, but in the interest of brevity we do not repeat them here. This judgment should not be upset unless it appears that it works such an inequity or injustice, or places one of the parties in such an impractical situation that equity and good conscience demand that it be revised. We are not persuaded that he abused the discretion which is reposed in him in such matters.

Affirmed. Costs to defendant (respondent).

CALLISTER, TUCKETT and ELLETT, JJ., and JOSEPH E. NELSON, District Judge, concur.

HENRIOD, J., did not participate.