506 P.2d 441

**Roger S. KIGER, Plaintiff and Appellant,**

v.

**Margie Fulp KIGER, Defendant and Respondent.**

No. 12939.

Supreme Court of Utah.

Feb. 13, 1973.

---

Howard & Lewis, Jackson Howard, Provo, for plaintiff and appellant.

T. Quentin Cannon, Salt Lake City, for defendant and respondent.

HENRIOD, Justice:

Appeal from a second amended decree of divorce with respect to 1) an increase of alimony and 2) a stipulation relating to support of children after their majority. Affirmed as to 1) and reversed, with reservations as to 2). No costs awarded.

The parties were married in 1943 and divorced 19 years later in 1962, when Mr. Kiger filed an action against his wife, who, during the period of coverture, bore him seven children. Thereafter Kiger, a psychiatrist and presently head of the Utah State Mental Hospital at $35,000 per year with its emoluments, married another woman. Mrs. Kiger is single and employed at the University of Utah as a secretary at approximately $445 per month. At the time of the divorce Kiger's income was about $16,000 per year and at the beginning of 1972 his income had risen, after 10 years, to his present $35,000. At the time of the divorce, Mrs. Kiger was awarded $235 per month alimony, and $350 per month for the support of the children, all of whom now are emancipated, which alimony, support money and emancipation since 1963, a year after the divorce, have precipitated a series of bitter legal encounters, periodically instituted by one, then the other via the order to show cause route, why something should not be changed, modified, vacated, or reinstated which, if not pursued designedly to harass or for purely selfish purposes, with little apparent concern for the children or anyone else save the litigants, appear to have followed the modern progressive pattern of wrecking homes,—in this case one that persisted for 19 years. This might prompt one to hazard a paraphrase of the saying "A plague on both the houses" to "A plague on both sides of the house."

In this case the three Utah County district judges having jurisdiction over the matter avoided it after the first decree and an amendment thereto, apparently because of expressed acquaintance with the litigants,—and guessably because of an understandable disinclination to continue to be umpire between the militant parties to this litigation. Whatever the reason and to add to the confusion two Salt Lake County judges were drafted, one after the other, to try the ensuing animosities and counter-animosities, resulting in a second amended decree.

■ As to 1) above: The original alimony had been reduced apparently because Mrs. K had the intestinal fortitude to go to work and there was an uppage of support for the children. Had she seen fit not to have gone to work to improve what appears to have been a losing proposition to support herself and some children, Kiger would be in a sadder position today with respect to payment of alimony and support money, and we can commend Mrs. Kiger for her willingness to work when she could have stayed home, and hardly can we compliment Kiger in complaining of an additional $100 per month alimony award under the circumstances. We think his first point to be quite without merit, and so hold.

■ As to 2): Counsel for Kiger is correct in his analysis to the effect that a stipulation by the parties is not binding on

the trial court,[1] and that the terms of the stipulation having been modified to hold Kiger harmless from payment to children after their emancipation, are alterable and having been altered without any reason given for not doing so, are effective and dispositive.

As to the decision of the trial court that the stipulation of the parties was contractual we hold no brief and express no opinion, since that is a matter generally, and certainly in this case, outside the scope of the court's jurisdiction, since the court cannot contract for divorcees. The stipulation might be the subject of an independent action by the affected children, who, as third party beneficiaries, conceivably might pursue their paterfamilias on a promise, for a consideration, if there be one, a plan we do not praise, prohibit, pray for or pre-judge.

■ Kiger appealed from the entire judgment, which requires treatment of attorney's fees for Mrs. Kiger's attorney. As to that: The $150 attorney's fee which initially was awarded, awarded again, and awarded again in the three decrees, later was questioned by Mr. Kiger, and after arguments no doubt costing the taxpayers more than $150, it was thrown out because Kiger had said no evidence had been taken to establish this fabulous sum. Technically, he has comfort only in being right. However, about this time the second Salt Lake County judge who himself must have been driven to the point where he needed psychiatric assistance, vacated the award when the matter which had been laid to rest, again raised its ugly head. The court asked Kiger's counsel if the matter of attorney's fees, not exceeding $150, would be submitted to the court without taking evidence, to which counsel agreed. The court then re-awarded the $150 for the fourth time. Nonetheless, counsel made this issue a matter of appeal by appealing from the whole judgment. We lay this matter to rest once and for all and affirm the $150 award, subject to any objection on the part of Mr. Kiger. In that event we order an evidentiary hearing on the matter of attorney's fees without regard to the $150 amount.

■ Counsel for Mrs. Kiger asks this court to award attorney's fees for defending this appeal and presenting a claim for counter-relief, and bases his urgence on Alldredge v. Alldredge, 119 Utah 504, 229 P.2d 681 (1951), where this court set an attorney's fee in a very sad case involving an impecunious mother of eleven children. No case has cited Alldredge v. Alldredge with approval with respect to that aspect of the case. We believe and hold that although justice seems to have been done in that case, we should have returned it to the trial court with instructions to

---

1. Callister v. Callister, 1 Utah 2d 34, 261 P.2d 944 (1953).

take evidence as to a reasonable attorney's fee under the circumstances where reasonably she was justified in appealing, and to enter judgment in accordance therewith. In that respect, we disaffirm our ruling as to attorney's fees in the Alldredge case but in doing so, hold that in a case like the one before us, we feel constrained to, and say that Mrs. Kiger in resisting this appeal, and we think justifiably, and under the particular circumstances here, is entitled to attorney's fees. We remand the case with instructions to take evidence and having done so, if the court so finds, make an appropriate award of attorney's fees for services performed by her counsel on this appeal.

CALLISTER, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.