**Haroldean M. IVERSON, Plaintiff
and Appellant,**

v.

**Alvin L. IVERSON, Defendant
and Respondent.**

No. 13482.

Supreme Court of Utah.

Sept. 24, 1974.

Phillip L. Foremaster, St. George, for plaintiff and appellant.

Joseph E. Jackson, Cedar City, for defendant and respondent.

CROCKETT, Justice:

Plaintiff appeals from the granting of a motion for summary judgment against her

in supplemental proceedings in a divorce action which awarded the defendant as his sole property the family home in St. George, Utah.

The parties were married in 1945. In 1954 they were divorced. The defendant husband was awarded custody of their three minor children; and was also given "the use and occupancy" of the home which they had acquired and held title as joint tenants. (Other provisions of the decree are not material here.) Two years later, in May of 1956, in a supplemental proceeding, the defendant persuaded the district court that it would be advantageous for himself and the children to move to Salt Lake City. Accordingly, there was entered a "Modification of Decree" permitting him to sell the home, but ordering that the proceeds be held in trust to buy a home in Salt Lake City for the benefit of the minor children. This plan was not carried out and the St. George home was never sold. Although the defendant has occupied the home during all those years, the title still remains in the parties as joint tenants.

Insofar as can be divined from the record, the instant proceeding was precipitated because a part of the property was taken by the State in eminent domain, from which about $1,100 was realized. In interrogatories served upon the defendant, and his answers to them, it appears that he turned over this fund (together with money he added thereto) to the children, who are now adults. The plaintiff asserted her claim of interest in the funds and the property. The defendant moved for summary judgment that the property belonged to him.

■■ We appreciate that all aspects of proceedings in divorce matters are equitable; and that the court has "continuing jurisdiction to make such subsequent changes or new orders with respect to the . . .

distribution of the property as shall be reasonable and necessary"; [1] and that this includes the power to take property from one spouse and to award it to another where the interests of justice so require.[2] In making his determination the trial court may consider not only all of the present circumstances of the parties, but what they may or may not have done in the rearing and support of the children.

The 1956 modification of the decree which granted the defendant the privilege of the use and occupancy of the family home cannot be regarded as awarding it to him, nor as divesting the plaintiff of her interest therein. There was set forth but a conditional trust, which was to come into being only upon the contingency that it became necessary to sell the home and move his family to Salt Lake City. He did not do so and, whatever else may be said about the projected trust, the condition precedent to its coming into being was not fulfilled. Therefore, the projected trust aborted; and the title to the family home in joint tenancy remains unaffected.

■■ Notwithstanding the equitable powers of the district court in interfamily controversies in divorce matters, and the acknowledged broad latitude of discretion allowed therein,[3] the court cannot act arbitrarily, or on supposition or conjecture as to facts upon which to justify its order.

■■ In the absence of any proceeding in which evidence was taken relating to the equities as between these parties; and in the absence of a transcript of any evidence of that character, we do not see in this record any justification for the granting of a motion for summary judgment divesting the plaintiff of her joint-tenancy interest in the family home.

In accordance with what has been said above, it is necessary to vacate the order granting summary judgment; and to re-

1. Sec. 30-3-5, U.C.A.1953.

2. 24 Am.Jur.2d 926, at 1054.

3. See Slaughter v. Slaughter, 18 Utah 2d 274, 421 P.2d 503, and authorities cited therein.

mand this case to give the parties the opportunity to fully present whatever evidence and contentions they desire as to what equity and justice require. No costs awarded.

CALLISTER, C. J., and HENRIOD, ELLETT and TUCKETT, JJ., concur.