**Karyl I. McKEAN, Plaintiff and Appellant,**

v.

**Thomas M. McKEAN, Defendant and Respondent.**

**No. 13954.**

Supreme Court of Utah.

Dec. 31, 1975.

George A. Easter, Robert K. Mouritsen, of Easter & Mouritsen, Salt Lake City, for plaintiff-appellant.

B. L. Dart, Jr., of Jerman & Dart, Salt Lake City, for defendant-respondent.

TUCKETT, Justice:

Plaintiff initiated these proceedings, seeking a divorce from defendant. The defendant answered and filed a counterclaim alleging that he was entitled to a divorce. After the case was heard and a decision rendered, the plaintiff filed a motion to alter or amend the decree or, in the alternative, for a new trial. The trial court declined to grant a new trial, and the plaintiff appeals.

The trial court found that the plaintiff and the defendant had grounds for divorce and entered a decree awarding a divorce to each party. As a basis for reversal, plaintiff claims that the divorce should have been awarded to her alone and that the trial court failed to make an equitable distribution of the property of the marriage and that the alimony and support money awarded to her are insufficient.

The parties were married on April 3, 1948. Six children were born as issue of the marriage, two of which are dependant. Under the terms of the decree entered in these proceedings, plaintiff was awarded the care and custody of the minor children subject to reasonable rights of visitation by the defendant. Plaintiff was awarded the use of the home of the parties, which the court ordered to be sold upon the plaintiff's remarriage, upon the plaintiff's removal from the home, or upon the last child's attaining her majority. The court also awarded to each of the parties one-half of their savings in the amount of $2,071.50. The court also awarded to plaintiff one-half of defendant's 1974 bonus in the amount of $1,337 the 1964 Ford station wagon, the 1972 Ford truck and camper, together with the household furniture and other personal items and clothing. The court awarded to the plaintiff the sum of $300 per month as alimony and the sum of $150 per month per child as support for the children. The plaintiff was not awarded attorneys' fees. The court awarded to the defendant one-half of the equity in the home at the time it is sold, one-half of his future bonuses, one-half of the savings, various items of personal property, and the retirement fund accumulated in connection with his employment, and certain insurance policies.

The court found that the defendant was earning the sum of $1,200 per month after withholding and deductions and that he customarily receives certain bonuses which are dependant on the level of business carried on by his employer. The plaintiff had worked as a secretary during the first two years of her marriage and as a door-to-door saleslady for approximately three years. The plaintiff sustained an injury to her left hand and wrist which interferes to some extent with her ability to type.

We have carefully reviewed the record in this case and we conclude that the record supports the court's finding that each of the parties were entitled to a divorce.[1] The prior decisions of this court have not

---

1. *Knighton v. Knighton,* 15 Utah 2d 55, 387 P.2d 91; *Anderson v. Anderson,* 18 Utah 2d 286, 422 P.2d 192.

enunciated a rule that the property of a marriage must be divided by some formula nor has the court ruled that the wife is entitled to a fixed percentage of the husband's income as alimony or support money. This court has recognized the principle that the trial court is entitled to a wide discretion in these matters and that discretion is not interfered with unless it appears from the record that the trial court has abused this discretion.[2] After a careful review of all the record, we cannot say that the trial court abused its discretion, and we further find that the findings of the trial court are well within the guidelines established by our prior decisions. The findings and decree of the court below are affirmed. No costs awarded.

HENRIOD, C. J., and MAUGHAN, J., concur.

CROCKETT, J., concurs in the result.

ELLETT, Justice (concurring and dissenting).

I have no quarrel with the results of the main opinion except for the statement that each party was entitled to a divorce.

At common law a party who did not have clean hands could not expect a court of equity to hear his complaints. So a party who was himself guilty of marital misconduct could not persuade a court of equity to grant him a divorce from a spouse who was also guilty of marital misconduct. This rule was called recrimination and is in force and effect in many states at the present time.[1]

A number of states by recent decisions have held that recrimination need not be a bar to a divorce action but is a qualified or discretionary defense. Those cases hold that the trial court may consider the comparative rectitude of the parties and award a divorce to the party whose conduct is less offensive and against the party whose conduct is the principal cause of the marital discord.

Utah has aligned itself with the latter cases. In the case of *Hendricks v. Hendricks*,[2] it was held:

> To affirm that a guilty spouse is never entitled to a divorce is a position difficult to apply to the facts of life. It is seldom, perhaps never, that any wholly innocent party seeks a divorce against one who is wholly guilty. Awareness of this fact and the giving of attention to the social implications of divorce has given rise to the various exceptions and limitations on the doctrine of recrimination. A realistic approach to it is indicated by the court in the case of *Dearth v. Dearth* [141 Pa.Super. 344, 15 A.2d 37] wherein it concluded that where mutual delinquencies of husband and wife made further living together intolerable, a divorce should be granted and the court was not called upon to balance such delinquencies but only to determine which party was least at fault in causing the bad situation. This is based upon the doctrine of "comparative rectitude" which is often used and has been given tacit recognition by this court. Although some statutes specify that a divorce may be granted to "the party not in fault" our statute wisely contains no such provision. Our policy has been to take consideration of the practical exigencies of such situations, and in cases such as the instant one, where both are at fault, approve the granting of a divorce to the one least to blame.

While recrimination is not necessarily an absolute bar to granting a divorce in Utah, it has never been held that it would enable a trial court to grant to each guilty spouse a decree of divorce. It merely permits the judge to compare the conduct of the spouses and award a decree of divorce against

---

2. *Wilson v. Wilson*, 5 Utah 2d 79, 296 P.2d 977.

1. See cases cited in 24 Am.Jur.2d, Divorce and Separation, Sec. 226.

2. 123 Utah 178, 257 P.2d 366 (1953).

the one whose conduct was the principal cause of the intolerable condition into which the marital relationship had deteriorated.

Neither of the cases cited in footnote 1 of the main opinion was one where a decree had been granted to both parties. In the *Knighton* case the divorce was granted to the defendant, while in the *Anderson* case the decree had been awarded to the plaintiff.

To award a decree of divorce to both parties makes about as much sense as would an operation to sever two Siamese twins where, after one twin had been cut loose, the surgeon said, "Wait a minute; I still must cut the other twin loose."

A few states have permitted dual divorces to be given, some because of a state statute—others on the grounds of waiver by both parties—or that the matter was not raised on appeal.[3]

The better holding seems to me to be that unless one spouse is willing to try to save the marriage, no divorce should be given. To permit both parties to get a divorce is to leave the marriage relationship in the hands of the spouses and would compel the court to grant divorces where both parties wish to break up the marriage. If one party would attempt to save that marriage, the other party might also repent of evil doings and thus the marriage remain intact to the benefit of society.

It seems to me that courts are engaging in legislation when they give divorces contrary to the law as it has existed from time immemorial.

I would remand the case with directions to the trial court to decide whose conduct was the principal cause of the domestic discord and then to grant a divorce to the other spouse.

3. See cases collected in the annotation in 13 A.L.R.3d beginning at p. 1365.