**Dawna EASTMAN, Plaintiff, Respondent and Cross-Appellant,**

v.

**Glenn W. EASTMAN, Defendant, Appellant and Cross-Respondent.**

**No. 14394.**

Supreme Court of Utah.

Dec. 20, 1976.

---

Mark S. Miner, Salt Lake City, for appellant.

Thomas P. Vuyk, Salt Lake City, for respondent.

CROCKETT, Justice.

Defendant, Glenn W. Eastman, appeals attacking portions of an amended divorce decree which awarded plaintiff: (1) the parties' residence at 3294 Breeze Drive, Magna, Utah; (2) one half of the amount then on deposit in two savings accounts (the two accounts totaling approximately $3,033) owned jointly by the parties; (3) gave each of them a bank account in their own name; (4) awarded to plaintiff $25 per month alimony; (5) $100 per month support money for Gary, age 16, $75 per month for Jerry, age 18; and (6) $350 attorney's fee.

Plaintiff cross-appeals, contending she is entitled to (1) alimony of $150 per month; (2), the amount necessary to pay three years property taxes on the Magna home and (3) an increase of attorney's fees.

Plaintiff and defendant were married in 1950 in Wyoming. Of this marriage four children were born: Roger, Diane, Jerry and Gary, but only the latter two still live at home. In March, 1972, plaintiff sued for divorce, which was granted in July, 1972. The trial court awarded her the custody of the children, $200 per month support money, $50 per month alimony, the family home in Magna valued at about $27,000, a 1962 automobile, a one-half share of the two bank accounts jointly held by plaintiff and defendant, and $350 in attorney's fees. Defendant was awarded a duplex (worth approximately $7,700) on Paxton Avenue, Salt Lake City, Utah, a 1969 truck, four burial lots, half of the joint bank accounts and his own savings account. However, due to disputations about these matters, the parties stipulated in August 1972 that the matters of alimony, support money, division of the property and attorney's fees should be further heard and considered by the court.

After a series of delays, the hearing was held on November 12, 1975, after which the original divorce decree was amended. It then provided that plaintiff was to pay the property taxes on the Magna home out of her share of the bank accounts, that the child support money be set at $100 per month for Gary and $75 per month for Jerry, who had injured his hand in a school accident and is unable to work; that plaintiff's alimony be reduced to $25 per month; that certain United States savings bonds be divided equally with the names of one or the other of the four children named as co-owners thereon, the bonds to be retained by defendant for the children's benefit, that defendant be ordered to maintain his health and accident insurance policy for the benefit of the two minor children. As to any other property, bank accounts or bonds, the party having possession should keep them. Except for those changes, the original divorce decree remained.

██ We have many times stated that even though proceedings in divorce cases

are equitable, in which this Court may review the evidence,[1] due to the prerogatives and advantaged position of the trial court, we give considerable deference to his findings and judgment; and we do not disturb them unless the evidence clearly preponderates to the contrary, or he has abused his discretion, or misapplied principles of law.[2] In applying the rules just stated to the arrangements in the divorce decree as hereinabove recited, we have perceived nothing therein to persuade us that we should interfere therewith.

■ Counsel for the plaintiff has also sought a further award of attorney's fees for services rendered subsequent to the original award, including on this appeal. We assume that the award made at the time of the decree covered services rendered up to that time. Concerning the issue raised as to a further award of attorney's fees, we make these comments: In view of the fact that there is an appeal and a cross-appeal, indicating that both parties are dissatisfied with and attack the judgment, we do not know which of them should be held responsible for the proceedings subsequent to the decree, and we are not in as good a position as the trial court

to determine what, if anything, should be done about any additional award of attorney's fees.[3]

The judgment is affirmed and the case is remanded for such further proceedings as may seem advisable to determine whether considerations of equity and justice require making of a further award of attorney's fees, and if so, how much. No costs awarded.

HENRIOD, C. J., and WILKINS, J., concur.

ELLETT, Justice (concurring).

I concur except as to the remanding of this case to permit the trial court to determine whether attorney fees should be awarded on appeal.

The awarding of attorney's fees on appeal is a matter entirely within the discretion of the appellate court. See *Swain v. Salt Lake Real Estate and Investment Company*, 3 Utah 2d 121, 279 P.2d 709 (1955); and 5 Am.Jur.2d Appeal and Error, Sec. 1022.

MAUGHAN, J., concurs in the views expressed in the concurring opinion of ELLETT, J.

---

1. Utah Const., Art. VIII, Sec. 9.

2. See *Wiese v. Wiese*, 24 Utah 2d 236, 469 P.2d 504; *Mitchell v. Mitchell*, 527 P.2d 1359 (Utah 1974).

3. *Kiger v. Kiger*, 29 Utah 2d 167, 506 P.2d 441; *Christensen v. Christensen*, 18 Utah 2d 315, 422 P.2d 534; *Bader v. Bader*, 18 Utah 2d 407, 424 P.2d 150; *Butler v. Butler*, 23 Utah 2d 259, 461 P.2d 727.