Hendrika Marina BOOTH, Plaintiff
and Respondent,

v.

Stephen Clyde BOOTH, Defendant
and Appellant.

No. 19314.

Supreme Court of Utah.

July 11, 1986.

Gary A. Frank, Murray, for defendant
and appellant Stephen Booth.

James A. McIntyre, Salt Lake City, for
plaintiff and respondent.

HOWE, Justice:

Defendant Stephen Clyde Booth appeals
from a postdecree order that he sign doc-
uments necessary to accomplish the sale of
the home of the parties which was divided
between them in their original divorce de-
cree.

Immediately following her remarriage in
March 1982, plaintiff listed the home for
sale. An earnest money offer acceptable
to her was not presented until February
1983 when she agreed to sell the home for
$50,600. Although she was disappointed in
the price, it was the best offer available to
her. Defendant refused to join in the sale,
claiming that as a joint owner he had the
right to reject the offer and that the sales
price was insufficient compared to his
"market analysis" of $57,000. This analy-
sis was not introduced at trial and was
made by defendant's father, who did not
testify.

Paragraph 8 of the decree provides:

8. The plaintiff is awarded the real
property of the parties located at 8100
South 740 East, Sandy, Utah, which she
shall keep and maintain until such time
as any of the following occurs: (1) the
home is sold; (2) the children reach their
majority; or (3) the plaintiff remarries;
whichever occurs first; at which time the
home shall be sold and the equity then
acquired shall be divided equally between
the parties after the deduction of costs of
sale.

The trial court ruled that this paragraph
awarded ownership to plaintiff, that de-
fendant had no right to participate in the
sale, and ordered him to execute all neces-
sary documents to effect the sale.

■ We believe the trial court misinter-
preted paragraph 8. When this paragraph
is read as a whole, "awarded" must be
interpreted to mean "awarded possession."
Admittedly, the decree does not state
"awarded possession." However, neither
does it state "awarded ownership." Our
conclusion that only possession was intend-
ed to be awarded to plaintiff rests on the
last phrase of the paragraph which pro-
vides for the division of the equity between
the parties at the time the home is sold. It
is significant that paragraph 8 does not
award defendant a fixed amount which is
secured by a lien on the property and made

payable at the time the property is sold. Such an arrangement would be wholly consistent with full ownership in plaintiff. In such a case, defendant's only interest in a sale would be that enough money was generated to pay his fixed award. But that was not done here. Defendant was awarded one-half of the equity at the time the property is sold. Until that time, as the mortgage balance was paid down by plaintiff and real estate values changed, his share of the equity also changed accordingly. Because his share was dependent on the sales price eventually realized, he was vitally interested in any sale.

Under these circumstances, we do not believe that it was ever intended that paragraph 8 should strip defendant of all his ownership, leave him with no voice in the sale, and relegate him to receiving one-half of the amount for which plaintiff chose to sell the property.[1] Nor can we accept defendant's argument that plaintiff's ownership was "subject to a condition subsequent." We can only reasonably conclude that paragraph 8 is more consistent and reasonable if interpreted to mean that possession was awarded to plaintiff but ownership remained jointly with the parties.

In fact, the parties considered themselves joint owners. Title to the property was in joint tenancy at the time of the divorce. It remained that way on the county land records. Apparently, plaintiff did not record the divorce decree in an attempt to establish on the record that she was the sole owner, as she could have done if indeed paragraph 8 awarded her full ownership. Instead, the joint tenancy was not disturbed, and when time came to convey the property to the buyer the signature of defendant was required. Had full ownership been in plaintiff, defendant's signature would not have been necessary.

This interpretation of the decree is bolstered by written proposals of settlement signed and filed by each party prior to a pretrial settlement hearing. In each proposal, it was proposed that plaintiff "stay in current residence," with the equity in the home to be divided equally between the parties, payable when one of the three contingencies occurs. Those quoted words smack of possession in plaintiff and not total ownership.

Since defendant remained an owner, he had a right to participate in the selling of the property if he so chose and to be consulted at all stages. However, he did not have the right to unreasonably withhold his consent to a sale to a buyer found by plaintiff. She listed the property with a real estate broker and had it on the market for approximately nine months. Defendant was aware that the property had been listed, and he made no objection. As offers were received, she consulted with defendant concerning them. They mutually agreed to decline them. He had every opportunity to find a buyer who would pay what he thought the property was worth. He did not do so, but made proposals to plaintiff to purchase her equity on a ten-year payment plan. She refused them. Finally, after about nine months, a buyer was found who would pay $50,600 for the property and cash-out the equity of the parties.

Defendant was accorded every right and privilege that was his as an owner of the property, and he could not unreasonably insist on rejecting the buyer. He did not carry his burden to show that the proposed terms of sale were unreasonable or inequitable to the parties. Although the trial court declined to determine the reasonableness of plaintiff's proposed sale, we find it entirely reasonable under the facts and circumstances here. Plaintiff, too, was interested in having the property sold, and her rights, as well as those of defendant's, must be considered. Therefore, the trial court did not err in requiring defendant to participate in the sale. Affirmed.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.

1. In *Iverson v. Iverson,* 526 P.2d 1126 (Utah 1974), we held that an award of the use and occupancy of the home does not change the joint ownership interests of the parties.